(6 App. Div. 117.)

## GILMORE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

CARRIERS—INJURY TO PASSENGER ENTERING INTO STREET CAR.
In an action for injuries received while entering defendant's street car, plaintiff testified that the car had stopped, and was ready to receive passengers; that the motorman left it, and went outside, towards the rear; that plaintiff, in company with others, stepped on the front platform when the brake flew around and struck her on the cheek. *Held*, that such evidence raised a presumption of negligence on the part of defendant, and it was error to dismiss the complaint.

Appeal from city court of Brooklyn, trial term.

Action by Annie A. Gilmore against the Brooklyn Heights Railroad Company to recover damages for personal injuries. From a judgment entered on a dismissal of the complaint at the conclusion of the evidence on both sides, and from an order denying a motion for a new trial made on the minutes, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Rufus L. Scott, for appellant.

Morris & Whitehouse, for respondent.

BARTLETT, J. We think that this is a case in which a jury should be allowed to determine whether the defendant was negligent or not, as charged in the complaint. Near the Brooklyn terminus of the New York and Brooklyn Bridge is a car stand, consisting of six tracks, upon which electric cars run for the special convenience of travel to and from the bridge. The plaintiff was injured, according to her statement, at this stand, while attempting to take passage in a car operated by the Brooklyn Heights Railroad Company, on the Greene and Gates Avenue line. Her testimony, in substance, is that the car came in and was brought to a standstill there, in readiness to receive passengers; that the motorman left the car, and went outside towards the rear; that she, in company with a great crowd, tried to step in on the front platform, when the brake flew around and struck her in the cheek, whereupon a man caught her, took her into the car and gave her a seat, after which she remembered nothing until the car reached Franklin avenue; that she then realized for the first time that she had been hurt very much, finding that her dress was covered with blood and fearing that she had lost her eye, but that, before leaving the car, she was able to see its number, which she confidently declared was 904. The defendant introduced evidence indicating that no such accident as that described by the plaintiff had ever come to the knowledge of the officers or employés of the railroad company. There was testimony to the effect that no car numbered 904 was used on the line at the time, while the conductor of car No. 905, which did leave the bridge at about the hour when the plaintiff says she was hurt, denies ever having seen her on the Gates Avenue line, or anywhere else, that he can recollect.

The motorman of car 905 was not called, the assistant to the general superintendent of the railroad company stating that he understood he was in Boston and that he could not get him.

For the purposes of this appeal we must assume that the plaintiff was truthful, and that her narrative of what occurred was substantially correct. Upon this assumption, the proof indicated that the motorman had left the brake on the front platform turned on tight, so as to hold the car in place, and that it was suddenly set free, in some unexplained manner, as the passengers, including the plaintiff, were making their way into the car. In the prudent operation of a street railroad, such an occurrence, endangering the safety of those who accept the invitation which is held out to them to become passengers, is unusual, to say the least; and the circumstances bring the case within the rule that, where the thing which causes an accident is controlled or managed by the defendant, "and the accident is such as, in the ordinary course of things, does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." Scott v. Docks Co., 3 Hurl. & C. 596; Bridges v. Railway Co., L. R. 6 Q. B. 377, 391; Mullen v. St. John, 57 N. Y. 567; Volkmar v. Railway Co., 134 N. Y. 418, 31 N. E. 870. It was the duty of the railroad company to exercise at least ordinary care to prevent injury to the plaintiff from any appliance which she had to pass upon the platform by means of which passengers were allowed, and evidently expected, to enter the car; and we think that the quick and violent motion of the brake handle, as described by the plaintiff, raised a presumption of negligence on the part of the defendant which the company was called upon to explain. The description of the brake and the manner of operating it suggest the probability that its forcible action may have been caused by the accidental contact of some of the incoming passengers with the handle, or with the catch, on the floor of the platform, which worked into the ratchet at the lower end of the brake rod. But, even if the accident happened in this way, there would still be the question whether prudent management did not require that precautions should have been taken to prevent just such an occurrence.

The circumstances of the injury being such as to give rise to a presumption of negligence, in the absence of a satisfactory explanation, it follows that the case should have gone to the jury. While the defendant gave evidence tending to overthrow the presumption, it was for the jury to pass upon the weight and effect of that evidence, as matter of fact; and the trial court could not pronounce it conclusive, as matter of law. Furthermore, the credibility of the defendant's witnesses, who were in the service of the railroad company, was peculiarly a question for the jury. Volkmar v. Railway Co., supra.

The judgment and order should be reversed, and a new trial should be granted, with costs to abide the event. All concur.