eral hundreds of dollars, so that the change was clearly in the direction of economy.   The suggestion in the relator's testimony that Commissioner Simis on one occasion manifested personal hostility towards him is denied by Mr. Simis; and so far as the other commissioners are concerned, who constituted the majority, there is not a scintilla of evidence that they entertained towards him the slightest ill will.   The presumption is that these public officers did their duty, and, on the proof before the jury, that presumption should have prevailed.

The order appealed from must be reversed, and a new trial must be granted, upon the issues under the alternative writ of mandamus.

---

(18 App. Div. 221.)

### POULSON v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.   June 8, 1897.)

PASSENGER ON ELECTRIC CAR—NEGLIGENCE.

Where plaintiff's daughter, 10 years old, jumps from an electric car because of a blaze of fire coming from alongside of the motorman, which blaze was so great that it was noticed 50 or 60 feet away, it is sufficient to authorize the jury to infer negligence on the part of the defendant, and it was error to dismiss the complaint.

Appeal from Kings county court.

Action by Henry Poulson against the Nassau Electric Railroad Company for loss of services of his daughter, 10 years of age, who was injured by jumping from the car of defendant on seeing a blaze coming from the box beside the motorman.   From a judgment dismissing plaintiff's complaint, he appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William L. Carey, for appellant.
James C. Church, for respondent.

HATCH, J.   We are of the opinion that the case made by the plaintiff was sufficient to call upon the defendant for an explanation of the cause of the fire.   The obligation resting upon the defendant was to exercise the utmost care and diligence suggested by human prudence and foresight to insure the safety of the passengers it had received for carriage.   Palmer v. Canal Co., 120 N. Y. 170, 24 N. E. 302.   If we assume that the cause of the fire was the burning out of the electric fuse connected with the motor, and that it was placed upon the car as an appliance for its safe operation, the case would not be changed.   The effect of this assumption does not carry the case beyond the fact that in ordinary operation the fuse blows out with an "attendant flash," to use the expression of the defendant's counsel. It was not claimed upon the argument that the blowing out of a fuse, in the usual course, was attended with any other display than a flash of light; and we may take notice that the operation of street cars by electricity is not attended by the appearance of a car on fire, or that it travels upon the track in a blaze of fire.   When this phenomenon is

present, it indicates an extraordinary condition, and the presence of causes which are not usually co-existent in the ordinary operation of the car. Under such circumstances, the doctrine approved by us in Gilmore v. Railroad Co., 6 App. Div. 117, 39 N. Y. Supp. 417, has precise application. The child who was injured testified that she saw a blaze of fire coming from the box alongside of the motorman, and she became frightened and jumped from the car. Another witness stated that she saw the car, 50 or 60 feet away, coming down the street in a blaze of fire. She also saw a flame of fire dashing through the car where the child was sitting. Another witness was called to the door of his house by a cry that the car was on fire, and saw the car was all aflame. This testimony establishes the fact that the appearance of the car, with the attendant fire, was extraordinary in character, and entirely different from the mere blowing out of a fuse, with its attendant flash. The condition was so far extraordinary and unusual as to call upon the defendant for explanation. If the mere fact that a fuse blowed out conclusively exempted the defendant from liability, it would lead us to the conclusion that it would be so exempted even though car and passengers be entirely consumed. We are of opinion that a case was made which authorized the jury to infer negligence, and which called upon the defendant to explain. The court therefore erred in dismissing the complaint.

The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.