(21 App. Div. 151.)

BRADFORD v. SELF.

(Supreme Court, Appellate Division, Second Department. October 12, 1897.)

NEGLIGENCE—EVIDENCE.

Where an accident is due to the presence of a truck which has been left standing in a public highway, evidence tending to show that it had been standing there continuously for several days is competent on the question of its owner's negligence.

Appeal from trial term.

Action by George W. Bradford against Copley H. Self. From a judgment in favor of defendant, entered on a nonsuit, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

C. J. Patterson, for appellant.

James C. Church, for respondent.

GOODRICH, P. J.  The plaintiff was an inspector in the employ of the Brooklyn Heights Railroad Company, it being his duty to board passenger cars, and ascertain the number of passengers.  About 2 o'clock in the afternoon of August 8, 1894, in the performance of this duty, he boarded the forward end of an open car at the corner of Bay Ridge avenue and Third avenue, in the city of Brooklyn.  The car was about to turn the corner.  The plaintiff was walking along the side step, which runs the whole length of the car, for the purpose of taking count of the passengers, when he came into contact with the projecting footboard of a truck belonging to the defendant, which was standing upon the street, and received serious injuries.  The defendant was the proprietor of a grocery store at the corner in question, and the truck was backed up close to, and at right angles with, the curb, and extended out nearly to the railroad track, with the forward wheels turned under, and no horses attached.  On the truck was a bale of hay, and the defendant claims that the truck was necessarily in the position which it occupied for the purpose of being unloaded.  The plaintiff contended that the truck was unnecessarily in the street, that it had been there continuously for some time, and that its being there was an obstruction to the highway and to public travel.  At the close of the plaintiff's evidence, the court dismissed the complaint, on the ground, among others, that there was no proof of negligence on the part of the defendant, and judgment was entered for the defendant, from which the plaintiff appeals.

The plaintiff's counsel, in order to prove that the truck was unnecessarily on the street, was attempting to show that the truck had been in the same position for several days; in fact, that the street was being used for the storage of the truck.  He asked a witness:

"Q. Did you see anything in front of Mr. Self's store on the street for three or four times during the week before the accident happened to Mr. Bradford? Q. On this occasion, when you passed by Self's store three or four different days during the week preceding the accident to Mr. Bradford, state whether or not a truck was opposite his store on Bay Ridge avenue, and the position of the truck."

The defendant objected to the questions, the objection was sustained, and the plaintiff excepted.    In the case of Farley v. Mayor, etc., 152 N. Y. 222, 225, 46 N. E. 506, Andrews, C. J., said that a truck standing upon a public street for a long time was an obstruction to the street, and that, both at common law and by the ordinance, the using of a street for the storage of a truck was an illegal act.    See, also, Cohen v. Mayor, etc., 113 N. Y. 532, 21 N. E. 700.    \

We must assume that the questions might have been answered in a manner most favorable to the plaintiff, and that the answers would have tended to show that the truck had been standing in the street continuously for several days; and such testimony would have been proper, as part of a chain of evidence, to show that the truck was unnecessarily in the street, and had been there for an unnecessary length of time.    This would have put the defendant to the necessity of showing the circumstances under which, and the reason why, the truck was left in the street an unusual length of time, in a position where the plaintiff, in the ordinary method of discharging his duty as an inspector, counting passengers, as already stated, was likely to be injured by its close proximity to the car track; since, if it was not there for the purpose of unloading, it might have been removed altogether, or have been placed parallel to the curb, so as not to form an obstruction and source of danger to persons riding on passing cars.    Under these circumstances. the evidence which the plaintiff sought to elicit was competent, and its exclusion reversible error, within the principles laid down in Gilmore v. Railroad Co., 6 App. Div. 117, 39 N. Y. Supp. 417, and Poulson v. Railroad Co., 18 App. Div. 221, 45 N. Y. Supp. 941.

We do not express any opinion upon the other questions involved in the motion for a dismissal of the complaint.    Judgment reversed, and new trial granted.    All concur.