MARY POWELL, Respondent, *v.* HUDSON VALLEY RAILWAY COMPANY, Appellant.

*Negligence — overcrowding of a street car, causing the heating of a floor plate by friction and the burning of a passenger — incorrect allegation as to the exact cause of the injury and as to which of two railways (consolidated into the defendant) operated the part of the road in question — recovery for shock incident to a physical injury.*

Evidence that, owing to the overcrowded condition of a street car, the plate above one of the wheels of the car was pressed down upon such wheel and that the resulting friction heated the plate to such an extent that a passenger, who was standing thereon, there being no vacant seats, had her shoes and her feet and her dress burned, is sufficient to raise a presumption that the street railway company did not perform the duty incumbent upon it of using the utmost diligence and care for the protection of its passengers.

The precise cause of the accident being known to the street railway company and not to the passenger, a recovery by the latter should not be set aside because the negligence charged in the complaint was that the defendant permitted the bearing upon one of the wheels to become overheated.

The street railway company in question having been formed by the consolidation of two other street railway companies, the fact that the complaint which stated the place of the accident alleged that the accident occurred upon the line operated by one of the constituent companies, while the proof established that the accident occurred upon the line of the other constituent company, does not constitute a variance requiring the reversal of a judgment in favor of the injured passenger.

*It seems,* that a party who negligently inflicts a physical injury upon another is legally responsible for any damages flowing from the shock or fright incident to such physical injury.

APPEAL by the defendant, the Hudson Valley Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on the 6th day of March, 1903, upon the verdict of a jury for $5,000,

and also from an order entered in said clerk's office on the 27th day of February, 1903, denying the defendant's motion for a new trial made upon the minutes.

The defendant is a surface street railroad corporation organized by the consolidation of other lines, of which the Greenwich and Schuylerville Electric Railroad Company was one, and the Stillwater and Mechanicville Street Railroad Company was another. The Greenwich and Schuylerville Electric Railroad Company operated a line between Fort Edward and Greenwich in Washington county. Upon the 4th day of July, 1901, this plaintiff became a passenger upon one of the cars of the Greenwich and Schuylerville Electric Railroad Company. The car was crowded with passengers so that there was no seat for her to occupy. She stood upon the floor of the car directly over one of the wheels. By reason of the overcrowded condition of the car, as has been found by the jury, the plate above the wheel was pressed down upon the wheel of the car so that the friction caused by the contact heated the plate upon which the plaintiff was standing until she was to an extent burned. Her shoes and her feet were burned and her dress caught on fire. This defendant has been charged with damages by reason of the injuries which the jury has found were the result thereof. Further facts appear in the opinion.

*J. A. Kellogg*, for the appellant.

*A. N. Richards* and *T. F. Hamilton*, for the respondent.

SMITH, J.:

That the plaintiff's health has been seriously impaired is not questioned by the appellant upon the argument of this appeal. No question is made that the damages are excessive except such as lies in the contention of the defendant that the plaintiff's present condition was not caused by an agency for which the defendant is responsible. The cause of the plaintiff's nervous condition was examined with great care and exhaustiveness in the trial of the case. A question of fact was clearly presented upon which the jury has determined that the injury received upon the car of the Greenwich and Schuylerville Electric Railroad Company was its cause. This condition seems to have followed close upon the injury, and upon all

the evidence in the case we are not prepared to say that the conclusion of the jury was reached through any improper motive. No question is made that for the liabilities existing against any of the constituent railroads this defendant is under section 73 of the Railroad Law (Laws of 1890, chap. 565) responsible. We disagree, therefore, with the contention of the appellant, that the verdict is against the weight of evidence.

In the complaint in this action the injury is alleged to have occurred upon the line operated by the Stillwater and Mechanicville Street Railroad Company, another one of the constituent companies embraced in the consolidation. But the place of the accident was there stated. The defendant is responsible for the liabilities of both roads. It could not have been misled by this error of statement in the complaint, nor does it claim to have been misled thereby. The trial court could well have amended the pleading, and this court can, if necessary, direct such an amendment to sustain this judgment. Without a claim of prejudice resulting from the variance it could clearly be disregarded.

The proof is to the effect that the conductor who took the plaintiff's fare was in the employ of the Greenwich and Schuylerville Electric Railroad Company. Some reports were admitted in evidence made by this same company, under the authority of section 57 of the Railroad Law (as amd. by Laws of 1892, chap. 676), by which it appeared that this was the company operating this road. These reports were as to a time prior to the accident. Their admission is challenged by the defendant as not proper evidence of the fact that this company was operating this road at this time. With the proof conclusive, however, that the conductors of this road were upon the cars taking fares, it would seem unnecessary to discuss the question as to whether the reports were competent evidence. Even if incompetent, their reception was harmless.

In the complaint the negligence charged is in permitting the bearing upon one of the wheels to become overheated. The proof is not that the bearings were overheated, but that the plate over the wheel was overheated by reason of the friction caused by the plate being pressed down upon the wheel. The proof as to the exact cause of the accident was made by the defendant's witnesses. This cause was known to them, and was not known to the plaintiff. To

hold that her recovery upon this trial should be defeated through a variance which has in no way misled the defendant would be an unnecessarily strict application of the rules of pleading.

Considerable evidence was given by the plaintiff in an attempt to prove that this overheating was caused through negligence in the construction of the electrical apparatus of the car. A motion was thereafter made to strike out the evidence of this witness. There was some of the evidence of this witness, however, which was proper for the consideration of the jury, so that the defendant was not entitled to a ruling that all of this evidence be stricken out. The defendant's contention might well have been answered that its motion was too broad, and that it should have moved to strike out simply the evidence as to the electrical apparatus of the car which was at that stage of the case claimed to be improper. It is difficult to see, however, how the defendant could have been prejudiced, even if this testimony had been allowed to remain against a motion properly made. The duty of the operating road to its passengers was to use the utmost diligence and care for the protection of the passengers. The heating of this plate raised a presumption of the failure to exercise such care, which has been nowhere answered in this case. With the defendant's fault established, the only questions for the consideration by the jury arose upon the extent of the injuries and the claim of contributory negligence on the part of the plaintiff. The presence, therefore, of the evidence in the case, whether proper or improper, can have no bearing upon any of the issues which were properly sent to the jury for its determination.

We have stated our disagreement with the defendant's contention that the verdict was against the weight of evidence. In this connection it is strongly insisted that, upon the proof, the plaintiff's nervous condition was not caused by the negligence of the operating railroad, except as it was caused through mere fright occasioned thereby. The contention of the experts called on behalf of the defendant was that the plaintiff's nervous condition was caused by diseased organs. The plaintiff claims, however, to have established that the cause of her nervous prostration was the injury which she received upon the day in question. One of the plaintiff's expert witnesses was asked the following question: "Q. Do you think that a person who was not burned any more than on the bottom of

the clothes — you have seen these clothes — if she was not burned any more than that, that that would have any effect upon her nervous system ?  A. You mean the physical burn itself ?  Q. Yes, the physical burn.  A. I do not think it would ; I am sure it would not.  Q. So you lay the whole thing to the scare ?  A. Yes, sir."  It is claimed from this evidence that the witnesses on behalf of the plaintiff did not show that the physical injury itself had any connection with the plaintiff's present nervous condition.  But this testimony, read in connection with the other testimony in the case, will not support this argument.  Another expert witness had stated that in his opinion her condition was caused by the injury and by the shock and fear, and proceeds to say :  " Q. The physical and mental shock ?  A. The combination of the physical and mental shock that accompanied the burning of the feet, and the accident."  At another time he was asked :  " Q. Would that burn on the foot cause that injury to the nervous system ?  A. It helped to cause the fright."  He again swore :  " My theory is that the condition of this woman is due to the accident and the fright."  In *Mitchell* v. *Rochester Railway Company* (151 N. Y. 107) the Court of Appeals held that no recovery can be had for injuries sustained by fright occasioned by the negligence of another, where there is no immediate personal injury.  Our courts have never held, however, that where there is a physical injury for which a party is legally responsible, that that party is not responsible for any damages which follow from the shock or fright incident thereto.  While, from the cross-examination of Dr. Sanford, some expressions, read by themselves, might seem to indicate that the burns themselves had no connection with the present nervous condition of the plaintiff, the inference is irresistible from the evidence taken as a whole that the nervous condition of the plaintiff was in part due to the shock caused by the burns themselves.

That the question of plaintiff's contributory negligence was properly submitted to the jury can hardly be questioned.  We are unable to find any legal justification for interfering with the conclusion which they have reached.

The judgment and order should, therefore, be affirmed.

Judgment and order unanimously affirmed, with costs.