property might be had at once, and that he wished to receive the price of $23,000. The plaintiff, after making several efforts, extending over a number of months, to sell the property, told the defendant that the price was too high and could not be obtained, and that he had a customer who would pay $22,000. The defendant replied that he would like to meet the customer, and they would come to an agreement on the price. The plaintiff brought the defendant and intending purchaser together, and they did, after a short conversation, agree upon a price of $22,500. It then appeared, and there was some evidence indicating that the plaintiff knew of its existence before, that the property was under lease by the defendant, and that the lease had 4½ years to run. The intending purchaser stated that he wished immediate possession, and both plaintiff and the purchaser testified on the trial that defendant said he would obtain possession at once from the lessee, who was a friend of his and a nice man, and that he would obtain a cancellation of the lease and pay whatever the lessee demanded. It is true that this was denied by the defendant, but this conflicting evidence presented a question of fact for the justice before whom the case was tried to determine, and we are not disposed to interfere with his conclusion. The lessee, it later developed, wished more money than the plaintiff was willing to give, and, because of that, defendant was unable to give possession to the intending purchaser, and the deal fell through. The plaintiff, however, earned his commissions, and the judgment in his favor should be affirmed, for he produced the purchaser who was willing to take the premises on the terms outlined by the owner, and that he was able to complete the purchase is not denied, and is supported by the evidence.

The judgment should be affirmed, with costs.

---

### DORFF v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. APPEAL—NONSUIT—CONSIDERATION OF EVIDENCE.
   On appeal from an involuntary nonsuit, plaintiff is entitled to the most favorable view of the evidence which the jury might properly have taken.

2. PLEADINGS—AMENDMENT TO CONFORM TO PROOF.
   Where the complaint in an action against a street railway company for personal injuries alleged that plaintiff, believing herself in great peril, and to save herself, jumped from the car in which she was riding, and fell upon the ground, and the evidence developed that plaintiff did not recollect what occurred, and one of her witnesses testified that she fell on the platform of the car, the evidence did not substantially change her claim, and the pleadings might properly have been deemed amended to conform to the facts, under Code Civ. Proc. § 723, providing that the court may, upon trial, amend any pleading to conform to the proof, where the amendment does not change substantially the claim or defense.

3. STREET RAILWAYS—INJURIES TO PASSENGER—RES IPSA LOQUITUR.
   Evidence that, while plaintiff was riding in defendant's street car, flames and smoke appeared in various parts of the car, creating a panic, so that while plaintiff was attempting to escape from the car she was injured, was sufficient to justify an inference of negligence, so that it was error to dismiss the complaint.

Appeal from Trial Term.

Action by Etta Dorff, by guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Melville J. France, for appellant.

I. R. Oeland, for respondent.

WOODWARD, J. The plaintiff was nonsuited, and is, of course, entitled to the most favorable view of her evidence which the jury might properly have taken (Eastland v. Clarke, 165 N. Y. 420, 425, 59 N. E. 202), and we are clearly of opinion that it was error to dismiss the complaint. There was evidence from which the jury might properly have found that the plaintiff was a passenger upon one of the defendant's street surface railroad cars; that, while she was quietly sitting in the middle of the car, and without negligence on her part, flames and smoke appeared in various parts of the car, creating a panic among the passengers; that she, with others, attempted to leave the car—some through the windows, and others by means of the door—and that, while thus endeavoring to escape from what appeared to be a menace to their safety, the plaintiff fell or was pushed down, receiving injuries of a more or less serious character. It is true that her complaint alleged that, "believing herself in great peril, and to save her life, jumped from said car, and fell upon the ground, and was thereby severely bruised," etc., while the evidence developed that she did not recollect what occurred in the rush, and one of her witnesses testified that she fell upon the platform of the car; but this did "not change substantially the claim or defense," and the pleadings might very properly have been deemed amended to conform to the facts proved, under the provisions of section 723 of the Code of Civil Procedure. In all other respects we are unable to distinguish this case from that of Poulsen v. Nassau Electric R. R. Co., 18 App. Div. 221, 45 N. Y. Supp. 941; and Poulsen v. Nassau Electric R. R. Co., 30 App. Div 246, 51 N. Y. Supp. 933, and this requires a reversal of the judgment. The views of the court in Weiler v. Manhattan Railway Co., 53 Hun, 372, 6 N. Y. Supp. 320, where the duty of the defendant was that only of ordinary care, are applicable to the facts developed in this case—particularly the comment at page 375, 53 Hun, page 322, 6 N. Y. Supp.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.