(97 App. Div. 133.)

## WILLIAMS v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. STREET RAILWAYS — INJURY TO PASSENGERS — NEGLIGENCE — COMPLAINT—
AMENDMENT TO CONFORM TO PROOF.

Where the evidence showed that while plaintiff was a passenger on defendant's street car a fuse used in connection with the electrical appliances blew out, and a flame enveloped the front of the car, and passengers shouted, and plaintiff became frightened, and in the mêlée was pushed from the car—facts authorizing the submission of the question of defendant's negligence on the principle of res ipsa loquitur—plaintiff should be allowed to amend the complaint to conform to the proof, though it alleged the burning of the fuse was caused by negligent management of the car in putting on too heavy a current; it being clear that the defendant could not be prejudiced by such amendment.

Appeal from Trial Term, Queens County.

Action by Eliza Williams against the New York & Queens County Railway Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Melville J. France (Abram H. Dailey, on the brief), for appellant.
Van Vechten Veeder (I. R. Oeland, of counsel), for respondent.

HOOKER, J. The plaintiff was nonsuited. Her evidence tended to show that while a passenger upon one of the defendant's open cars a fuse, used in connection with the electrical appliances, blew out, and a blaze enveloped the front of the car. Many of the passengers shouted, and the plaintiff, standing up in her seat to ascertain the cause of the commotion, became frightened, and in the mêlée was pushed and thrown from the car to the street, by which she sustained serious injuries. The case presents facts so nearly similar to those disclosed in Dorff v. Brooklyn Heights Railroad Co., 95 App. Div. 82, 88 N. Y. Supp. 463, that we should be content to direct a reversal upon the authority of that case and the cases there cited in the opinion written by Mr. Justice Woodward, were it not for the question of pleading raised upon the trial. The complaint alleges that, "owing to the careless and negligent management of said car by defendant in putting on too heavy a current or voltage of electricity, a certain weak and insufficient fuse supplied and made use of by the defendant suddenly exploded with a loud report, setting free a heavy current of electricity, whereby said car was, as plaintiff is informed and believes, set on fire, and a large flame of fire and cloud of smoke giving forth flames of burning material involved said car," by reason of which the passengers became terrified, and the plaintiff, thinking herself in peril, tried to escape, when she was, by the violence of the crowd, forced to the street and injured. The complaint also alleges that the defendant failed suitably and properly to guard against such an occurrence by inclosing the fuse so that its explosion would not alarm and terrify the passengers, and so as to prevent a conflagration of the car. Upon the trial, after proving facts which in the Dorff Case, and the cases therein cited, were held sufficient to present a question for the jury, the plaintiff attempted to

prove that the accident was the result of careless and negligent management of the car; but in this she palpably failed, and the learned court refused to submit the case to the jury on the ground that the allegations of the complaint were not sufficiently broad to allow the submission of the question of defendant's negligence upon the principle of res ipsa loquitur. The court took the view that the proof should be according to the allegations of the pleadings, and, referring to the decision of the court, plaintiff's attorney requested permission to amend the complaint in this and other particulars, so that it might allege that the fuse blew out. At another stage, of the trial the court said to the plaintiff's counsel: "I am going to hold you, judge, down to your complaint. The fact is that this complaint was drawn in ignorance of what question was going to be tried when the case came up in court. This complaint was drawn without any knowledge of the subject it undertook to deal with." To this he replied: "I ask your honor's leave to amend my complaint then." The court said: "No, I will not allow you to amend it. If there was something you tried to allege, and by a slip of the pen did not get it quite right, I would allow you to do it; but you have alleged two things against the defendant, and they are here to try those two things, and nothing else, and you must recover on those two things, or not at all." Plaintiff's counsel then stated that he excepted to the court's refusal to allow him to amend.

While the requests to amend the complaint were not expressed as definitely as might be desired in regard to the particulars of the amendments sought, yet we believe no misunderstanding existed on the trial in view of the actual requests made, and in view of what took place there as to the particulars in which it was sought to remodel the pleading, and our opinion is that the court erred in refusing to grant the permission. The mere allegation that the fuse blew out, and by reason thereof fire and flame proceeded from various parts of the car, which threw the passengers into violent commotion, and resulted in plaintiff's injury, was enough to throw the burden of explaining the cause of the accident upon the defendant. Nor would the defendant have suffered in the slightest degree by such an amendment. Section 723 of the Code of Civil Procedure provides in part as follows:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems .just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case; * * * and, in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party.".

See, also, sections 539, 540.

A question somewhat similar was discussed in Powell v. Hudson Valley R. Co., 88 App. Div. 133, 84 N. Y. Supp. 337, where the plaintiff was injured by standing upon a hot iron plate on defendant's car. It was there said by Mr. Justice Smith, writing for the court, in an opinion on which a judgment in favor of the plaintiff was sustained:

"In the complaint the negligence charged is in permitting the bearing upon one of the wheels to become overheated. The proof is, not that the bearings

were overheated, but that the plate over the wheel was overheated by reason of the friction caused by the plate being pressed down upon the wheel. The proof as to the exact cause of the accident was made by the defendant's witnesses. This cause was known to them, and was not known to the plaintiff. To hold that her recovery upon this trial should be defeated through a variance which has in no way misled the defendant would be an unnecessarily strict application of the rules of pleading."

From the nature of the case, the defendant must have come to court with at least as complete knowledge of the exact cause of the accident in which the plaintiff was injured as the plaintiff herself, and where she showed facts sufficient to require the submission of the question to the jury a refusal of the court to allow her to amend her complaint to conform to the proof was error, because it is clear that the defendant could not have been prejudiced.

The judgment should therefore be reversed, and a new trial granted; costs to abide the event. All concur.