criticised. While the rule does not require one to turn to the right so soon as all that, the mistake does not seem to have done harm, and was not excepted to. Though the case was briefed and argued with unusual clearness and ability by the counsel for the defendant (who, by the way, did not try the case), she has not made any reversible error manifest. Persons in their place of security and power in motor cars should remember that their rapid and close approach may make a person think he or she is about to be run over, when that may not be the case. They should turn out seasonably.

The judgment and order should be affirmed.

Judgment affirmed, with costs. All concur.

---

## BAUM v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. CARRIERS—INJURY TO PASSENGER—RES IPSA LOQUITUR.

   In an action for injuries to a passenger on a street car, though the burden of proof on the whole case was on plaintiff, her showing that the injury was caused by the flying up of a trap-door in the floor of the car placed on defendant the necessity for explaining the happening to free itself from the presumption of negligence.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1283–1294.]

2. NEGLIGENCE—INSTRUCTIONS—SHIFTING OF BURDEN OF PROOF.

   In an action for negligent injuries, in which the happening of the accident raised a presumption of defendant's negligence, the court charged that plaintiff was only required to prove that the accident happened "and then the burden shifts to the defendant to show or explain the unusual happening." Held, that the language quoted, though unscientific, could not be construed to mean that the burden of proof on the whole case was shifted from the plaintiff, but merely meant that the plaintiff had made a case prima facie sufficient to go to the jury, which the defendant must rebut in order to succeed, and that, in the absence of any showing of prejudice, it was not reversible error.

Appeal from Queens County Court.

Action by Carrie Baum against the New York & Queens County Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The county judge charged as follows:

"In this character of action where something happens in a trolley car, which is unusual, as happened in this car on which this plaintiff was riding, the law presumes that something was the matter with the car, or such a thing as that would not have happened. In other words, all the plaintiff has to do is to show that that unusual thing occurred, and then the burden shifts to the defendant to show that it had performed all that the law requires of it to perform. It is not incumbent upon the plaintiff in this case to prove by a fair preponderance of the evidence that the trap-door flew up through the fault of the defendant. She is only required to prove that it flew up, and then the burden shifts to the defendant to show or to explain that unusual happening."

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Edward J. Byrne, for appellant.

George F. Hickey (M. P. O'Connor, on the brief), for respondent.

GAYNOR, J.   Of course the rule is that the burden of proof was on the plaintiff, and that at the close her case had to be made out by a preponderance of the evidence in her favor over the evidence in favor of the defendant in order that she might be entitled to a verdict.   But the learned county judge was not charging this rule, or in respect of it. He was only charging the general rules of evidence which governed the course and stages of the trial, which he had to do.   The two things are entirely distinct.   What he said was in substance that the evidence that the trap-door in the floor of the car flew open and struck her was sufficient to make out a case to go to the jury, and that it required evidence from the defendant to show or explain the cause.   This was correct as a rule of evidence governing the progress of the trial.   The maxim that the thing speaks for itself applies, i. e., the flying up of the door, raised a presumption that there was something wrong with the car by the defendant's negligence, and that presumption was evidence which made out a case for the plaintiff to go to the jury.   The defendant was therefore required at that stage of the trial by the rules of evidence to put in any evidence which it had to show the cause of the occurrence—or, in other words, that the occurrence did not happen from its negligence—if it desired to do so.   It would seem that the learned county judge had before him the opinion of the Chief Judge of the Court of Appeals in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, for he followed its language quite closely, in fact almost literally.   He said that:

"She" (the plaintiff) "is only required to prove that it" (the trap-door) "flew up, and then the burden shifts to the defendant to show or to explain that unusual happening."

This was the last thing he said on the subject, and it was to it only, specifically and in terms, that the exception which we are considering was taken, viz.:

"I except to that portion where your honor said that the burden shifts to the defendant."

This in terms refers to shifting during the course of the trial, and not to the settled condition which the case has reached at the close of the evidence, when the test of the rule of preponderance is reached. There is no shifting after that.   Once previously the learned judge had said substantially the same thing, viz., "All the plaintiff has to do is to show that that unusual thing occurred, and then the burden shifts to the defendant to show that it had performed all that the law requires of it to perform," i. e., that it was not chargeable with negligence, which is the equivalent of the language used.   Now, in Griffen v. Manice the learned Chief Judge, discussing the very same subject— and the case is a leading one on it, and trial judges thumb it before charging juries and we before deciding—said:

"Neither of these rules—that a fact may be proved by circumstantial evidence as well as by direct, and that where the defendant has knowledge of a fact, but slight evidence is requisite to shift on him the burden of explanation —is confined to any particular class of cases," etc.

And an opinion in this court later followed and used substantially the same language, viz., that the happening of the thing—the blowing out of a fuse in a street car—"was enough to throw the burden of explaining the cause of the accident upon the defendant." Williams v. N. Y. & Queens Co. R. Co., 97 App. Div. 133, 89 N. Y. Supp. 669.

Now, though it be true that the use of the terminology or phrase of shifting the burden to the defendant is crude and unscientific, if not wholly incorrect and misleading, it does not seem on the whole that it presents any error in this case. It conveyed a meaning to lay minds which did no harm. In truth and in law there is no shifting of any burden to the defendant at all at any time or in any case. The plaintiff cannot shift his burden to the defendant. The plaintiff must make out a case to avoid being nonsuited, and then the defendant must take up his own burden to meet that case; and that is all there is of it either loosely or scientifically. Nothing that was on the plaintiff is shifted onto the defendant. But if judges on appeal in taking time and deliberation to write their opinions use such an expression, how are we to expect that county judges shall not do the same in their unprepared oral utterances in charging juries? We cannot apply a rule of perfection to their utterances or to trials of causes; we no more than any of the sons of men are capable of conforming to such a rule ourselves.

If the defendant's counsel wanted the court to charge the other rule (which it had omitted to charge), viz., the rule as to the burden being on the plaintiff to make out his case by a preponderance of the evidence in his favor over that in favor of the defendant—which is entirely distinct from the general rules of evidence which govern the progress and stages of the trial—he should have requested that it be charged. Instead, he took an exception to a specific sentence in the judge's charge which was not on that head at all. The whole case shows conclusively that the defendant was not harmed by the unscientific use of language into which the learned trial judge was misled.

The judgment should be affirmed.

Judgment and order of the County Court of Queens county affirmed, with costs. All concur.