FRED SPINNEWEBER, Respondent, *v.* MERRITT EVERY,
Appellant.

Third Department, September 10, 1919.

**Motor vehicles — negligence — collision of automobiles — erroneous charge — burden of proof.**

Where in an action to recover damages caused by the collision of automobiles coming from opposite directions, each party claiming negligence upon the part of the other, it appears that before the accident the

defendant's steering gear had become disabled, but had been repaired, and that as the cars approached each other the defendant's machine, through another failure of the steering gear, swerved to the left in front of the plaintiff's car, the negligence of both parties was for the jury.

But in such action it was error to charge in substance that the fact that the defendant's car was on the wrong side of the road changed the burden of proof from the plaintiff to the defendant, and that the latter must show a satisfactory reason why his car was there, especially where the charge, taken as a whole, conveyed to the jury the idea that the defendant in order to escape defeat must establish by a preponderance of evidence, either that the plaintiff was negligent, or that he, the defendant, was not negligent.

In a negligence action the burden of proof is always on the plaintiff.

APPEAL by the defendant, Merritt Every, from a judgment of the County Court of Ulster county in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 18th day of January, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of January, 1919, denying defendant's motion for a new trial made upon the minutes.

*Frank W. Brooks,* for the appellant.

*N. Frank O'Reilly* [*John M. Cashin* of counsel], for the respondent.

COCHRANE, J.:

An automobile owned by the plaintiff and driven by his chauffeur and another automobile owned and driven by the defendant met and collided on a public highway. Each party charged the other with negligence and each made a claim against the other for damages to their respective automobiles. The explanation of the collision was that the steering apparatus of the defendant's automobile failed to operate properly whereby he lost control over its movements. Proceeding at reasonable speed on the right side of the highway it suddenly swerved to the left and the collision occurred. There was no question about the cause of the accident. It was established as part of the plaintiff's case. His chauffeur testified that he knew from the movement of the defendant's automobile as it approached him that there was something wrong with its steering gear. Several days before the accident

it had been injured. The defendant repaired it and testified that he thereafter used the automobile up to the time of the .accident and that it operated properly until that time. He further testified that when on the occasion in question the steering apparatus failed to respond he immediately stopped the engine, applied the emergency brakes and brought the car to a. stop about in the middle of the highway and that it was, struck by the plaintiff's automobile. The evidence clearly raised questions for the consideration of the jury as to the negligence of both parties. The question as to the defendant's negligence was whether he knew or should have known that his automobile was unsafe for use on the highway.

In charging the jury the court said: " In this case we have rather an unusual circumstance in that it is admitted, I think, that at the time of the accident, the defendant's car was on the wrong side of the road, something had happened to his car by which he had gone across and was on the wrong side of the road. To my mind, that changes the burden of proof from the plaintiff to the defendant. Defendant admitted his car was there and he must show you a satisfactory reason why it should be there; the fact that .it was there does not make the defendant liable simply because the burden of proof is thrown on the defendant, but to show you a fair and proper reason why it was there, and to show you it was there through no fault of his." The defendant made no such admission as was attributed to him by the court. But passing that point the charge as to the burden of proof was clearly erroneous. There may be a presumption against the defendant or the necessity of an explanation on his part but in a negligence action the burden of proof is always on the plaintiff. (*Cunningham* v. *Dady,* 191 N. Y. 152; *Kay* v. *Metropolitan Street Railway Company,* 163 id. 447; *Matter of Kindberg,* 207 id. 220, 229; *Jones* v. *Union Railway Company,* 18 App. Div. 267; *Wilson* v. *Christal,* 187 id. 660.) If what we have quoted from the charge were all that had been said on the subject the error might be overlooked on the ground that the legal significance of the charge had not been comprehended by the jury and that they were not, therefore, misled. (*Baum* v. *New York & Queens County Railway Company,* 124 App. Div. 12.) But the court had previously fully explained what was

meant by the burden of proof as follows: "So under the circumstances in an ordinary case of negligence, the burden of proof would be upon the plaintiff to prove to your satisfaction that the defendant was careless and that he, the plaintiff, was not careless. I say, 'to your satisfaction,' I mean by that, the preponderance of proof, the weight of evidence, must be stronger in favor of the plaintiff under his complaint, or, under the counterclaim, the weight of evidence must be stronger with the defendant." The charge in its entirety, therefore, clearly conveyed to the jury the idea that the defendant in order to escape defeat had to establish by a preponderance of evidence either that the plaintiff was negligent or that he, the defendant, was not negligent. The charge as explained and amplified must have been misleading and constitutes an error too serious to be overlooked. The jury had considerable difficulty in reaching an agreement. It may very well be that they considered the evidence evenly balanced and if so the charge required them improperly to give their verdict to the plaintiff.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.