Edward LaGoy, as Administrator, etc., of Nelson LaGoy, Deceased, Appellant, *v.* Director General of Railroads, Respondent.

Third Department, May 5, 1920.

Railroads — action for wrongful death — on appeal from nonsuit plaintiff entitled to most favorable inferences — contributory negligence to be pleaded and proven by defendant — speed of engine and failure to give warning, evidence of negligence — plaintiff entitled to have case considered on theory on which trial court rendered nonsuit — when contributory negligence for jury.

Where a plaintiff is nonsuited at the close of his case he is entitled to the benefit of all facts and inferences which may be drawn from the evidence most favorable to his contentions.

Under section 841-b of the Code of Civil Procedure (as added by Laws of 1913, chap. 228) contributory negligence as a defense in an action for death must be alleged and proved by the defendant.

The mere circumstances that the defendant's engine, which collided with the motor truck in which the plaintiff's intestate was riding, causing his death, was approaching the crossing at a high rate of speed probably is not conclusive on the question of the defendant's negligence; but the high rate of speed coupled with the failure to give any warning of the approach of the engine to the crossing is substantial evidence of defendant's negligence.

Where the complaint in a death action alleges in one paragraph that " said engine was negligently, wilfully and wantonly run into the said truck without any care or caution," and in other paragraphs sets out a cause of action for negligence, and closes with the allegation that the death and damage were " all solely through the negligence, want of care and omission of duty of the above named defendant," and the defendant went to trial on both issues so far as they were tendered without requiring the plaintiff to elect and the trial court in granting the motion for a nonsuit and dismissal of the complaint passed upon both questions, the plaintiff

is entitled on appeal to have the case passed upon in accordance with the theory of the ruling of the trial judge.

The acts of omission or commission of the driver of the truck on which decedent was riding after he became aware of the presence of the engine approaching at a high rate of speed cannot be passed upon as a question of law by the court, for he then faced an emergency of imminent peril where the absence of the best judgment does not defeat his right to go to the jury.

But this will not avail the plaintiff unless there was freedom from contributory negligence of the driver of the truck in getting into the position of imminent peril.

On all the evidence, *held*, that the question of the plaintiff's contributory negligence should have been submitted to the jury and that the granting of a nonsuit was erroneous.

APPEAL by the plaintiff, Edward LaGoy, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Clinton on the 31st day of October, 1919, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case, and also from an order entered in said clerk's office on the same day granting defendant's motion for a nonsuit.

*John E. Judge,* for the appellant.

*Cantwell & Cantwell* [*E. W. Lawrence* and *John M. Cantwell* of counsel], for the respondent.

KILEY, J.:

The Rutland Railroad Company is a domestic corporation and operates a railroad between the city of Rutland in the State of Vermont and the city of Ogdensburg in the State of New York. As it crosses the intervening territory between its two terminals it passes through the village or hamlet of Irona, Clinton county, in this State. It does maintain, and had for fifty years maintained, a station for passengers, express and freight at Irona above mentioned. At this point the railroad runs east and west and is crossed by a highway, at about right angles, at or very near the station. This crossing is the only way people can get to the station from the north toward the south. Quite an extensive settlement surrounds this station; a creamery and store, one north of the crossing and one south of it. The condition, as to crossing and buildings, has existed as at present for the past fifty years. Since

the accident a sign has been erected at the crossing saying it is not a public crossing; no such sign was there before the accident. The road has been repaired at different times by the town officers. The sign did not destroy the crossing as such; it was an adjunct to defendant's station and business. There are places at and near this crossing where the view of the track west is not obstructed for a mile. Nearer the railroad station, the milk station platform and bridge from the station to platform where milk is loaded onto the cars obstructs the view west. On the 6th day of May, 1919, between four and five o'clock in the afternoon, plaintiff's intestate, Nelson LaGoy, was riding in an auto truck driven by one Duley; they were at work for the same employer near the creamery or milk station, which are two separate buildings; north of this crossing they started to cross to the south side of the railroad over the track; at the same time an engine with tender, nothing else attached, came from the west toward the east, at a rate of speed of from fifty to sixty miles an hour; struck the rear end of the truck, and LaGoy was killed. At the close of plaintiff's evidence, on motion of defendant's counsel, a nonsuit and dismissal of the complaint was granted. The grounds upon which the motion was granted, as stated at the time, were two: *First.* That the complaint as drawn charged assault or trespass against the person of plaintiff's intestate. *Second.* That on plea of negligence plaintiff's intestate was guilty of contributory negligence.

" The plaintiff, having been nonsuited, is entitled to the benefit of all facts and inferences which may be drawn from the evidence most favorable to his contention." (*Eastland* v. *Clarke,* 165 N. Y. 420; *Dorff* v. *Brooklyn Heights R. R. Co.,* 95 App. Div. 82; *McConnell* v. *Morse Iron Works,* 102 id. 324; *Lewis* v. *Erie R. R. Co.,* 105 id. 292.) Defendant must not only allege contributory negligence but must prove such contributory negligence as a defense. (Code Civ. Proc. § 841-b, as added by Laws of 1913, chap. 228.) This section of the Code requires a fair preponderance of evidence on the part of the defendant, instead of on the part of the plaintiff as the rule stood before the addition of this section of the Code. The evidence offered as to defendant's negligence is brief; the engine and tender were coming from the west toward the east at a rate of speed, as given by

witness upon the trial, from fifty to sixty-five miles an hour; that no whistle was blown nor bell rung for the Irona crossing; no warning of any kind was given; the engine running comparatively light would not make the noise that would have been made had cars been attached. The mere circumstance of speed of the train, standing alone, may not and probably is not conclusive on the question of the negligence of the defendant; but the high rate of speed at which this engine was going and the failure to give the required warning of its approach to the crossing is substantial evidence of defendant's negligence. In *Hunt* v. *Fitchburg R. R. Co.* (22 App. Div. 212) it was said that " the speed of the train, be it ever so great, is not in itself a negligent act, but when great speed is reached; the notice of its approach must be commensurate with it. The warning must be adequate to the increased speed." The adoption of this rule here gives the defendant the latitude allowed for a backwoods or farm crossing; it is not intended to hold that rules may not be adopted by municipalities regulating the speed of trains. *Hunt* v. *Fitchburg R. R. Co.* (*supra*) founds the above rule on *Warner* v. *N. Y. C. R. R. Co.* (44 N. Y. 465). The respondent, in effect, contends further that the plaintiff bases his action on wanton and willful negligence; that the proof having failed in that regard the nonsuit should stand. In paragraph 8 of the complaint it is alleged that " said engine was negligently, wilfully and wantonly run into the said truck without any care or caution being exercised by the operators of said engine and without any regard for the life and limb of the persons operating said automobile." Paragraphs 6 and 7 of the complaint set out a cause of action for negligence and close with the allegation that the death and damage was " all solely through the negligence, want of care and omission of duty of the above named defendant and the operators of said locomotive engine at said time and place." The defendant went to trial on both issues so far as they were tendered by the pleadings. Plaintiff was not required to elect between the theories, and the judge granting the motion for nonsuit and dismissal of the complaint passed upon both questions; both were in the case. Appellant is entitled to have the case passed upon in accordance with and upon the theory of the ruling of the trial judge. Is the affirmative proof on the part of respondent, as to the

contributory negligence of LaGoy, such that it became a question of law, and warranted taking the case from the jury? The record shows that when the truck was within forty-three feet of the crossing the driver looked west; he had a clear view for nine hundred feet except for telegraph poles; and that was about the first view for several feet farther north that could be had of the track because the milk platform cut off the view. The auto was going nine or ten miles an hour; after looking west he looked east; the road was rough and he was handling his car. After first looking, if he was going nine miles an hour, he was going a mile in about six and two-thirds minutes. Forty-three feet is a little over one one-hundred and twentieth of a mile; it will be seen that the driver did about all he had time to do. The engine and tender were coming toward the crossing at the rate of almost a mile, if not a full mile, a minute; nine hundred feet is a little over one-sixth of the five thousand two hundred and eighty feet in a mile. Twelve seconds is not much time to look both ways and look out for the auto truck on a rough road. No warning was given; the engine did not slacken its speed. The first thing the driver saw out of the ordinary was the man swinging his arms; he did not hear what he said and supposed he was directing him to go to the store of his employer to draw some freight. He saw the engine when it was within thirty feet of him; LaGoy called to him to " give it gas." It is evident that the only thing he could do there was to try and cross as he could not reverse; he was upon the crossing. The acts of omission or commission chargeable to the driver after he became conscious of the presence of the engine cannot be passed upon as a question of law by the court. He then faced an emergency of imminent peril where the absence of the best judgment does not defeat his right to go to the jury. (*Gartland* v. *New York Zoological Society*, 135 App. Div. 163; *Palmer* v. *Larchmont Horse Railway Co.*, 112 id. 341; affd., 189 N. Y. 566.) However, this holding will not avail the appellant, unless there was freedom from contributory negligence of the driver of the truck in getting into the position of imminent peril. When Bodah gave the warning they had turned into the driveway north of the railroad to cross the track; witness was within fifteen or twenty feet of the track to

the south.  He first beckoned them to stop and then to come on; the driver thought he meant for them to come on; as we have seen, no warning had been given by the engine of its approach, and it was coming at a very high rate of speed; the time required to go a few feet, at nine or ten miles an hour, is infinitesimal.  The driver did four things necessary during that infinitesimal space of time.  He looked west; he looked east; he observed the rough road over which he was driving, and he handled the wheel to guide his car.  Thinking, during the time he was covering those forty-three feet, was not a matter of minutes nor fractions of minutes; he had to think in a second, in the fraction of a second.  Under the circumstances the question of contributory negligence was for the jury.  The court erred in granting defendant's motion for nonsuit.  (*Judson* v. *Central Vermont R. R. Co.*, 158 N. Y. 597; *Lewis* v. *Long Island R. R. Co.*, 162 id. 52.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment and order reversed and new trial granted, with cost to the appellant to abide the event.