CORPORATION, Appellants.— Appeal from order in part granting and in part denying the motion of defendants Simmons and Jamorwil Realty Corporation to vacate certain findings of fact and conclusions of law, and the judgment dismissed, with ten dollars costs and disbursements. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

CATHERINE SCOTTO, an Infant, by JOSEPH SCOTTO, Her Guardian ad Litem, Appellant, v. JACOB GOLDMAN and ISRAEL BLATT, Respondents.— Judgment reversed upon the law, and new trial granted, costs to abide the event. Irrespective of the statute* prohibiting the admission of the minor to defendants' theatre, there was alleged in the complaint (paragraph ninth) a common-law cause of action for negligence. (Dorff v. Brooklyn Heights R. R. Co., 95 App. Div. 82; German v. Brooklyn Heights R. R. Co., 107 id. 354.) We, therefore, think it was error to dismiss the complaint upon the opening of counsel. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

JOSEPH SCOTTO, Appellant, v. JACOB GOLDMAN and ISRAEL BLATT, Respondents.— Judgment reversed upon the law, and new trial granted, costs to abide the event, upon authority of Scotto v. Goldman (ante, p. 748), decided herewith. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

MARIE STOGNER, Respondent, v. ROY F. ALBRIGHT, Appellant.— Order denying defendant's motion to vacate notice of examination before trial and directing defendant to appear for examination under said notice as modified, reversed upon the facts in the exercise of the discretion of the court, with ten dollars costs and disbursements, and motion granted, without costs. In our opinion the examination is not sought in good faith to be used upon the trial. Examinations before trial in this class of litigation are rarely necessary, and are not favored by the courts. (Wessel v. Schwarzler, No. 1, 144 App. Div. 587.) Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ., concur.

RALPH S. THYNE, Respondent, v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION and WALKER & DALY, Appellants.— Judgment and order denying motion to set aside verdict reversed upon the law and the facts, and new trial granted, costs to abide the event, upon the ground that the verdict finding the ladder to have been attached in a defective and negligent condition, as well as the finding that plaintiff was injured while on the ladder, and not on the dock, was against the weight of the evidence. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

---

THIRD DEPARTMENT, JANUARY, 1927.

In the Matter of the Claim of GEORGE LIPCO, Respondent, against WHITE WRECKING COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Appeal from an award of the State Industrial Board made on July 1, 1926. PER CURIAM. There is no question of res adjudicata in this case. The employer's report and all evidence taken on all former hearings were before the Board at the time the award was made and are in the record. At the request of

---

* See Penal Law, § 484, subd. 1.— [REP.