THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, *v.* ALEXANDER KUSHMAN and Another, Appellants.

First Department, May 28, 1937.

*George E. Netter* of counsel [*Morris A. Marks* and *Isaac Katz* with him on the brief; *Burnstine, Geist & Netter*, attorneys], for the appellants.

*James D. Ewing* of counsel [*Alexander & Green*, attorneys], for the respondent.

O'MALLEY, J. The question presented is whether upon the face of the complaint the plaintiff has an adequate remedy at law. If not, the order appealed from denying defendants' motion to dismiss should be affirmed. If so, the motion having been made before answer, the order should be reversed and the complaint dismissed. (*Gosselin Corp.* v. *Mario Tapparelli Fu Pietro, Inc.*, 191 App. Div. 580, 584; affd., 229 N. Y. 596.)

Four causes of action with respect to two policies of life insurance issued to the defendant Alexander Kushman, and in which the defendant Esther Kushman was beneficiary, are set forth. Judgment is demanded " rescinding and cancelling the total and permanent disability provisions and double indemnity provisions contained in said policies * * * and declaring said provisions null, void and of no effect." In addition there is demanded a money judgment for $6,750 with interest representing the aggregate sums paid by the plaintiff to the defendant Alexander Kushman under the total and permanent disability provisions.

It is alleged that the policies were issued upon written applications made in May and June, 1931; that the applications contained representations which induced plaintiff to issue the policies with disability and double indemnity provisions; that they were issued in reliance upon these statements and representations; that after the defendant Alexander Kushman had proved claims under each of the policies for disability benefits and had been paid the aggregate amount for which money judgment is sought, the plaintiff discovered the falsity of certain of the statements and representations.

It is further alleged that immediately upon learning of their falsity " plaintiff rescinded the double indemnity and total and permanent disability provisions * * * and duly notified the defendants that said provisions were null, void and of no effect

because of said false statements and representations and at the same time duly tendered to defendants all premiums paid on account of the said disability and double indemnity provisions contained in said policy [policies] with interest thereon from the dates of payment to the date of tender and demanded the repayment to it of the disability benefits theretofore allowed and paid."

It is well settled that upon discovery of a fraud the party who has been defrauded has one of three remedies: (1) He may rescind the contract and recover in an action at law that with which he parted; (2) he may bring an action in equity to rescind the contract; and (3) he may stand upon the contract, but bring an action at law for damages in fraud. (*Weigel* v. *Cook*, 237 N. Y. 136; *Sager* v. *Friedman*, 270 id. 472, 479.) The second alternative, recourse to equity, is subject to the usual rule that no adequate remedy at law is available.

Here it is disclosed from the complaint that plaintiff elected to proceed under the first alternative. It rescinded the contract itself. It has an adequate remedy at law. No trust is involved or profits to be reached as in the case of *Falk* v. *Hoffman* (233 N. Y. 199). All that the plaintiff seeks is to recover sums of money paid under the contract provisions already rescinded by it.

Under such circumstances the legal remedy is adequate. (*Schank* v. *Schuchman*, 212 N. Y. 352.) If successful in an action at law the plaintiff will be protected by even a general verdict against possible future claims under the same provisions. The very theory of plaintiff's cause of action is that it has rescinded these provisions from the beginning. Moreover, the plaintiff, to fully protect itself, may request that a special verdict be rendered. (Civ. Prac. Act, § 459.)

Whether the plaintiff has a right to rescind the provisions relating to disability and double indemnity payments, as distinguished from the life insurance policy itself, is a question not presented by this record, the policies themselves not having been made a part of the complaint.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, without prejudice, however, to an action at law on the part of the plaintiff.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, without prejudice, however, to an action at law on the part of the plaintiff.