OPINION OF THE COURT
Judith J. Gische, J.
This is an action for declaratory judgment brought by Leeco Construction Company arising from a subrogated property damage claim. Leeco seeks a declaration that it is entitled to insurance indemnification by its insurer United States Liability Insurance Company, United States Liability Insurance Group and U.S. Underwriters Insurance Company (collectively USLIC), in connection with the property damage that occurred in the original action. Leeco is requesting that the declaratory judgment action (first action) be jointly tried with another claim in which Leeco is a named defendant (Harleysville Ins. Co. v Leeco Constr. Co., index No. 116173/06) (second action).
Discussion
Leeco, a general contractor, is seeking a declaratory judgment for indemnification by its insurer, USLIC, for property damage that occurred at the Roebling Court Condominiums. USLIC has brought a third-party complaint against Harleysville, the subrogee of Roebling Court Condominiums, for declaratory judgment stating that USLIC has no obligation to defend and indemnify the plaintiff or any party as to the occurrences or claims asserted in the underlying subrogation claim.
The second action is by Harleysville, subrogee of Roebling, for damages as a result of water damage that occurred at the Roebling Court Condominiums. Leeco states that these actions are closely related and that judicial economy would be achieved by the joint trial of these actions. Harleysville opposes the motion *613 and claims that the cases, although involving the same parties, are based on different causes of action; one cause of action is for a declaratory judgment and the other for subrogation. Harleysville also claims that it would be prejudiced by having the same jury decide the issue of insurance coverage in one case and the issue of liability in the subrogation action.
When requested, this court may order either a consolidation or joint trial of actions, serving the goal of efficiency and economy. The actions being joined must have a common question of law or fact. (CPLR 602.) The test to determine whether the actions have a common question of law or fact is usually met if evidence that would be admissible in one action would also be admissible in the other. (Maigur v Saratogian, Inc., 47 AD2d 982 [3d Dept 1975].) However, there are countervailing considerations that may weigh against consolidation or joint trial. Some of these considerations may be jury confusion, or the prejudice of a substantial right.
The burden for showing prejudice to a substantial right rests upon the party opposing a motion for consolidation. (Id. at 983.) Harleysville argues that it would be substantially prejudiced if the same jury would be called upon to decide the insurance coverage and then also have to decide liability. This court agrees and for the reasons that follow, the motion for joint trial is denied.
Where one action for declaratory judgment relating to insurance coverage could possibly prejudice another action, the motion for joint trial must be denied. (Orange v Swiftways Supermarkets, 32 AD2d 631 [1st Dept 1969].) In the present case, whether or not the movants are covered by insurance could prejudice a jury in deciding whether or not they are also liable for the actions that occurred. When a jury has to decide whether there is insurance coverage, it may be persuaded to award or deny an award for damages based on the presence or absence of insurance. A jury may also be inclined to award damages based on the amount of insurance coverage there is. Conversely, if no insurance is present, a jury may decide to not “punish” the person not covered by insurance, and therefore not award the plaintiff damages. This clearly creates prejudice that can be avoided by having separate juries deciding these issues. By having the cases decided by separate juries, it gives each jury the opportunity to be fair to the parties involved and determine whether each plaintiff has a meritorious claim, regardless of whether there is insurance coverage for the claim.
*614 The court has also taken into consideration that although the claims have facts in common, the relief sought in each action is different. The first action, including the third-party action, is for declaratory judgment and the second one is for subrogation. Because of the complex nature of the litigation, the joining of these actions may lead to jury confusion. Where there is the likelihood of jury confusion, this should be considered and it weighs against consolidation or joint trial. (Bender v Underwood, 93 AD2d 747 [1st Dept 1983].)
The parties in these actions are standing in different shoes with different burdens of proof. The action for declaratory judgment is essentially a contract dispute where Leeco is the plaintiff and has the burden of proof to show that it should be indemnified by its insurer, USLIC. The subrogation action is based on a negligence claim where Harleysville has the burden to prove Leeco was negligent. (Spinneweber v Every, 189 App Div 35 [3d Dept 1919].)
Although the first and second actions have parties in common, the parties are wearing different hats in each action and have different claims with different burdens of proof. A jury may get confused as to which party has the burden to prove its claims in one case, but defend in another. By keeping the claims separate, this confusion is avoided. When litigants are adverse parties in different actions, “the preservation of the separate actions and the pleadings therein will tend to a better understanding by a jury of the parties and the issues in each case.” (Padilla v Greyhound Lines, 29 AD2d 495, 498 [1st Dept 1968].)
Because Harleysville would be substantially prejudiced and the jury confused by the joinder of trial, the motion for joinder of trial by Leeco is denied.
Conclusion
In accordance with the above, it is hereby ordered that plaintiffs motion for joint trial is denied in its entirety; and it is further ordered that any relief that has not been expressly addressed has nonetheless been considered and is hereby denied.