JOHN T. ELDRIDGE *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

June 30, 1884.

**Railroad—Negligence—Injury to Passenger.**—To rebut the presumption of negligence in a railroad company, arising from an accident by which the plaintiff was injured, the defendant offered evidence of the circumstances of the accident, the character and actual condition of the cars, road-bed, and track, and of the speed and management of the train, and also evidence of expert witnesses, tending to show that the track and cars were well built and in good condition, and that the train was properly managed. *Held*, to make a case for the jury upon the question whether defendant exercised due diligence under the circumstances.

**New Trial—Newly-Discovered Evidence.**—The granting of a motion for a new trial for newly-discovered evidence is largely in the discretion of the trial court; and where such discretion appears to have been fairly exercised in determining such motion, its action in the premises will not be reversed.

Action brought in the district court for Waseca county, to recover damages for personal injuries received by plaintiff while a passenger in a car of defendant which was derailed. At the trial before *Buckham*, J., and a jury, the defendant had a verdict. Plaintiff moved for a new trial upon the following grounds, viz.: (1) Newly-discovered evidence, (2) that the verdict is not justified by the evidence, and (3) error in law occurring at the trial, and appeals from an order denying his motion.

*Lewis & Leslie*, for appellant, cited *Wilson* v. *N. P. R. Co.*, 26 Minn. 278; *Curtis* v. *Rochester & S. R. Co.*, 18 N. Y. 534; *Edgerton* v. *N. Y. & H. R. Co.*, 39 N. Y. 227; *Ware* v. *Gay*, 11 Pick. 106; *Wilkie* v. *Bolster*, 3 E. D. Smith, 327; *Bowen* v. *N. Y. C. R. Co.*, 18 N. Y. 408; *Philadelphia & R. R. Co.* v. *Anderson*, 94 Pa. St. 351; *Sharp* v. *Grey*, 9 Bing. 457; *Graham* v. *Davis*, 4 Ohio St. 362; *McLean* v. *Burbank*, 11 Minn. 189, (277;) *Hegeman* v. *Western R. Co.*, 13 N. Y. 9; *Edgerton* v. *N. Y. & H. R. Co.*, 35 Barb. 389; *Steamboat* v. *King*, 16 How. 469; *Stokes* v. *Saltonstall*, 13 Pet. 181; *Dawson* v. *Manchester, etc., Ry. Co.*, 7 H. & N. 1037; *Readhead* v. *Midland Ry. Co.*, L. R. 2 Q. B. 412; *Robinson* v. *N. Y. C. & H. R. R. Co.*, 9 Fed. Rep. 877.

*Collester Bros.*, for respondent.

VANDERBURGH, J.[1] It must be admitted that the burden of proof rested upon the defendant in this case to show that the accident by which plaintiff was injured, on the train upon which he was a passenger, was not caused by any want of care or foresight on defendant's part. Such exonerating evidence would naturally embrace, as defendant insists it did in this case, the circumstances of the accident, the management of the train, and also the condition of the cars, road-bed, and track, at the particular place.

Whether or not, in this case, there was sufficient evidence to support the finding of the jury in defendant's favor, is the principal question on this appeal. The charge in the complaint is that, while plaintiff was such passenger, the defendant so negligently conducted in the operation of its road and the management of the train, that the car in which plaintiff was riding was derailed and thrown with great force from the track while the train was running at a high rate of speed, by reason of which he was seriously injured, etc. The testimony of defendant's witnesses tended to show that the road-bed, track, and cars were in good order and repair; that the ties, rails, and fastenings were sound and strong, and of good materials; that the second car from the engine was the first to leave the track, and caused the derailment of the other cars; that at the point where it so left the track the rails remained well fastened and in their place after the accident; and that, upon an examination made by the conductor and engineer, who were competent to speak from experience, it did not appear that the accident was caused by any breakage or defect in anything connected with the cars or track. The evidence also shows that the engine was in charge of a skilful and competent engineer; that the train was being managed in the usual way, and was being run at the usual rate of speed, 25 miles an hour, which was considerably less than that of the express trains on the same road; and that the accident occurred just after the engineer had slackened the train for a crossing, as was customary, by the application of the air-brakes, under circumstances which seem to have afforded no reason-

---

[1] Dickinson, J., because of illness, took no part in this decision.

able ground for apprehending it.   The conductor testified that trains are often thrown from the track from causes that are not discoverable upon the most careful examination.   But, if this car "jumped" the track in consequence of "slackening," or "taking up the slack," in the train at the particular place in the road, it was a fact for the consideration of the jury, as, also, whether the happening of the accident from such a cause was consistent with the most careful practical management of the train.   *Howard* v. *St. Paul, M. & M. Ry. Co.*, *ante*, 214.   We think the circumstances of the accident and of the management of the train were sufficiently shown to the jury to entitle them to judge whether the train was managed with due care and skill, under the rule of liability applicable to a carrier in such cases, and we must presume that this rule was correctly given to the jury, though the charge of the court is not made part of the record.

Stress is laid upon the fact that the evidence fails to disclose the real cause of the accident; and it is insisted by the plaintiff that it devolves upon the defendant, in order to exonerate itself from the charge of negligence, and to show that it exercised the highest degree of care consistent with the practical operation of the road, to disclose specifically to the jury the real cause of the accident, and thus make it appear that it was exempt from responsibility.   This question relates rather, as we think, to the method of proof by which the result is to be reached.   The evidence, as spread upon the record, may seem stronger or weaker according to the circumstances of each case.   Yet where it reasonably tends to establish the absence of such responsibility and liability on the part of the. carrier, upon all the points in issue, it must be left to the jury to weigh, and their verdict exonerating the defendant, if fairly reached, must be presumed to include a finding of the real cause of the accident, or, if inexplicable, that the defendant was nevertheless exempt from negligence or culpability. *Brehm* v. *Great Western Ry. Co.*, 34 Barb. 256, 271.

The conductor testified that certain other railroads, with which he was familiar, were "first-class roads," and that he considered this was also a "first-class" road; but as he was particularly interrogated as respects the condition and construction of this road, what he said in reference to other roads, which was received under objection, though

immaterial, was harmless. The plaintiff had testified that the train, after proceeding for a while at the rate of 25 miles an hour, started up faster, and at the time of the accident was running at a much higher rate of speed. It was therefore competent for defendant, in rebuttal, to prove the actual speed of the train, and that it was not running faster than the usual rate of speed, which was 25 miles an hour. Plaintiff's objection to this evidence was therefore rightly overruled. That the engineer slackened the train at the crossing, and that it was usual to do so, tended to explain to the jury the facts as to the management of the train at the time, and that there was no irregularity in it, and was properly in rebuttal of plaintiff's testimony on the subject.

As to the newly-discovered evidence, it doubtless appeared to the trial court that if the ties and track were actually in the condition sworn to by the witness Brown, reasonable diligence on the part of the plaintiff would have enabled him to have discovered witnesses to prove such facts upon the proper inquiry; and, in view of the strong counter-affidavits introduced on the motion by defendant, we are unable to see that there was any abuse of discretion by the trial court in refusing a new trial on this ground. *Peterson* v. *Faust*, 30 Minn. 22.

Order affirmed.