JACOB AUSTIN *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

December 12, 1885.

New Trial—Newly-Discovered Evidence.—Motion for a new trial, on the ground of newly-discovered evidence, *held* to have been properly denied in this case.

Appeal by defendant from an order of the district court for Otter Tail county, *Collins,* J., presiding, refusing a new trial.

*W. P. Clough* and *M. R. Tyler,* for appellant.

*J. W. Mason,* for respondent.

MITCHELL, J. Action for damages for the destruction of growing timber by fire caused by sparks from one of defendant's engines. The principal item of damage claimed was the killing of young timber. The fire occurred May 16, 1884. This action was commenced August 4th, issue joined August 18th, and the trial had November 21st.

In July, 1885, defendant moved for a new trial on the ground of newly-discovered evidence. This evidence consisted of the alleged facts that when the foliage came out in the spring of 1885, it appeared that very little of the plaintiff's timber had been killed, and that this fact could not have been so easily and definitely ascertained or positively proved in November, when the case was tried, because forest leaves had then fallen. We fail to see that this can be called newly-discovered evidence. Defendant knew, before the trial as well as now, that it is more difficult to distinguish a dead tree from a living one after the leaves have fallen, and that, in the order of nature, leaves would come out again on living trees the following spring. Neither was proper diligence shown. Defendant was advised of the nature of this action early in August, which was before leaves fall. An examination of this timber would have been as satisfactory then as the following spring. Defendant knew that leaves fall in the autumn. If an examination when the leaves were on the trees was necessary, there is no reason why, in the exercise of ordinary diligence in preparing for trial, the defendant should not have had the

examination made then. There was certainly no abuse of discretion in refusing a new trial on such a state of facts. *Lampsen* v. *Brander,* 28 Minn. 526; *Peterson* v. *Faust,* 30 Minn. 22; *Eldridge* v. *Minn. & St. Louis Ry. Co.,* 32 Minn. 253.

Order affirmed.