# Staunton.

## SOUTHERN RAILWAY CO. v. DAWSON.

### SEPTEMBER 20, 1900.

### Absent, Riely, J.

1. RAILROADS—*Passengers on Freight Trains—Degree of Care.*—When a person becomes a passenger on a freight train, he assumes the risks and inconveniences necessarily and reasonably incident to that mode of travel, but the degree of care required of the railroad company to avoid damage to such passengers, is as great as if he were travelling on a regular passenger train.
2. RAILROADS—*Collisions—Presumption of Negligence.*—When an injury is inflicted as a result of a collision of cars which have become detached from the engine drawing them, the presumption is that such collision occurred through the negligence of the railroad company, and the burden of proof is on the company to establish that there has been no negligence whatever, and that the injury has been inflicted by inevitable casualty, or by some cause which human care and foresight could not have prevented.
3. VERDICT—*Contrary to Evidence.*—The verdict of a jury will not be set aside as contrary to the evidence, unless the evidence is plainly insufficient to support it.
4. VERDICT—*Excessive.*—A verdict will not be set aside as excessive in the absence of anything to indicate that the jury acted under the impulse of an improper motive, gross error, or misconception of the subject.

Error to a judgment of the Circuit Court of Nelson county, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

·*C. M. Blackford*, for the plaintiff in error.

*S. B. Whitehead*, and *Diggs & Perkins*, for the defendant in error.

Harrison, J., delivered the opinion of the court.

The defendant in error bought a ticket which entitled him to transportation on a freight train of the plaintiff in error, which was provided with a car for the use of passengers, from Covesville, in Albemarle county, to Fabersville, in Nelson county. While on the way, the train, consisting of about thirty cars, separated, from some unknown and unexplained cause, several cars were derailed, and the separated cars collided with such force that the defendant in error was thrown from his seat with great violence, and seriously injured.

This suit for damages followed, and resulted in a verdict in favor of the defendant in error for $2,000.

The sole ground of error assigned is that the Circuit Court refused to set aside the verdict upon the ground that it was excessive, and contrary to the law and the evidence.

The plaintiff in error contends that the accident was inevitable, and that no skill or care on its part could have avoided it, and that the risk of such an accident was assumed by the defendant in error when he bought his ticket.

It is well settled that a railroad company is held to as strict an accountability for the negligence of its employees in the management of a freight train with a caboose attached, in which · passengers are seated, as the law imposes in the transportation of passengers on trains specially provided for that purpose.

When a person becomes a passenger on a freight train, he assumes the risks and inconvenience necessarily and reasonably incident to that mode of travel, but life and limb are as valuable in the caboose as in the palace car, and the degree of care required to avoid damage to the passenger is as high in the one

case as the other. Thompson on Carriers, sec. 20, p. 234; *Ind. R. R. Co.* v. *Horst,* 93 U. S. 291.

Where an injury happens, as the result of an accident such as the record discloses, the presumption is that it occurred by the negligence of the railroad company, and the burden of proof is on the company to establish that there has been no negligence whatsoever, and that the damage has been caused by inevitable casualty, or by some cause which human care and foresight could not prevent. *Balto. & Ohio R. Co.* v. *Noell,* 32 Gratt. 394.

In the case at bar, the plaintiff in error has failed to sustain the burden thus imposed upon it. The evidence which has been certified was sufficient to justify the jury in the conclusion reached, that the accident was the result of negligence on the part of the plaintiff in error. Certainly it cannot be said that the evidence is plainly insufficient to support the verdict, a conclusion necessary to justify this court in setting the verdict aside because contrary to the evidence. *Kimball & Fink* v. *Friend,* 95 Va. 125.

Nor can the verdict be disturbed upon the ground that it is excessive, there being nothing to indicate that the jury, in ascertaining the damage, acted under the impulse of an improper motive, gross error, or misconception of the subject. *Norfolk, &c. R. Co.* v. *Shott,* 92 Va. 34.

For these reasons the judgment must be affirmed.

*Affirmed.*