# Wytheville.

## WASHINGTON–VIRGINIA RAILWAY CO. v. BOUKNIGHT.

### June 13, 1912.

### Absent, Keith, P.

1. PLEADING—*Particulars of Complaint—Demurrer.*—If the defendant desires a more particular statement of the grounds of complaint, his remedy is not by a demurrer, but by a motion for a bill of particulars.

2. CARRIERS—*Personal Injury to Passenger—Declaration—Derailment—Specific Acts of Negligence—Waiver.*—Where the relation of carrier and passenger exists, and there is a derailment resulting in an injury to the passenger, a presumption of negligence on the part of the carrier arises. Hence all that is necessary for the declaration to allege in such a case is the relation of passenger and carrier, the derailment, and the injury to the plaintiff by reason thereof. An allegation of specific acts of negligence in the same count with the allegations of imputed negligence is not a waiver of the right to rely upon the latter, and may be treated as surplusage. The plaintiff, in such case, is not bound to prove the whole of what he has alleged. So, likewise, some counts of the declaration may charge affirmative negligence, while others may rely upon the legal presumption of negligence. The former is not a waiver of the latter.

3. PLEADING—*Inconsistent Counts—Demurrer—Striking Out Counts.*—Where a demurrer to a declaration as a whole was interposed on the ground of inconsistency between the grounds of action stated in the different counts, and all of the counts but one were stricken out, on the motion of the plaintiff, after the evidence was introduced, the defendant could not have been hurt by overruling his demurrer to the declaration.

4. WITNESSES—*Order of Examination—Discretion of Trial Court.*—The examination of witnesses lies chiefly in the discretion of the trial court, and its exercise is rarely, if ever, to be controlled by an appellate court. Much latitude of discretion should be allowed the trial court in the matter of recalling witnesses, and the order of their examination, and its action will not be reversed except for palpable error. Its action will not be reversed for improperly receiving in chief evidence which was clearly admissible in rebuttal.

5. CARRIERS—*Personal Injury—Nature of Injury—Province of Jury.*—In a personal injury action to recover damages for an injury inflicted on a passenger by the derailment of a street-car, it is not incumbent

on the plaintiff to show how he fell or what he struck. Evidence having been introduced of great violence to plaintiff's person, and of the character thereof, it was for the jury to say, upon all the evidence in the case, whether or not it could have inflicted upon him an injury of the nature of that shown by his evidence.

6. CARRIERS—*Personal Injury—Derailment of Car—Presumption—Burden of Proof.*—Where an injury is inflicted on a passenger as a result of the derailment of a car, the presumption is that it occurred by the negligence of the railway company, and the burden is on the company to prove that there has been no negligence whatever on its part, and that the damage has been caused by inevitable casualty, or by some cause which human care and foresight could not prevent. In the absence of a satisfactory explanation by the defendant of the cause of the accident, going to show that the defendant was free from fault, the plaintiff is entitled to a verdict. The physical facts themselves create a presumption of negligence.

7. INSTRUCTIONS—*Jury Fully Instructed.*—Where a case has been fully and fairly submitted to the jury upon every phase of it presented by the evidence, it is not error to refuse to give other instructions asked.

8. DAMAGES—*Excessive—Personal Injury.*—A verdict of $7,500 for a personal injury, such as is complained of in the case at bar, cannot be set aside as excessive, in the absence of any evidence that the jury, in ascertaining the damages, acted under the impulse of any improper motive, gross error, or misconception of the subject.

Error to a judgment of the Circuit Court of Alexandria county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Moore, Barbour & Keith* and *James R. & H. B. Caton,* for the plaintiff in error.

*Moncure, Wampler & Gloth* and *Thomas S. Martin,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

The Washington–Virginia Railway Company owns and operates a line of electric cars from Washington, D. C., to certain terminal points in the State of Virginia, and this action was instituted by the plaintiff in the court below, defendant in error here, against

88

the said railway company to recover damages for personal injuries alleged to have resulted from the negligence of the defendant company. To the final judgment of the circuit court, in favor of the plaintiff, for $7,500 and costs, the defendant company brings error.

Seventeen bills of exceptions have been taken and made parts of the record, and are made the basis of eleven assignments of error in the trial court's rulings, which are relied on for a reversal of said judgment by this court; but, in the view we take of the case, it is not necessary to consider these assignments *seriatim*, or at length.

The leading facts of the case are that the plaintiff, on the 9th day of January, 1911, boarded a car of the defendant at East Falls Church, in Alexandria county, Virginia, paying her fare to Washington, D. C., where she desired to go; that when about two miles from the city of Washington the car upon which the plaintiff was riding was derailed, and she was thrown violently from her seat forward for some distance to the floor, and severely injured.

The declaration contains eight counts, to which and to each count thereof the defendant demurred, and filed, in writing, five grounds for its demurrer, but these grounds, in fact, present but two questions—first, as to the sufficiency of the eighth count of the declaration, and, second, whether or not there can be joined in the same declaration counts charging affirmative negligence and counts relying upon the presumption of negligence arising by reason of the facts therein alleged.

The eighth count in the declaration alleges that the plaintiff was a passenger upon the defendant's car; that the car was de-railed, and by reason of the derailment the plaintiff was injured. The court, upon motion of the defendant, required the plaintiff to file a bill of particulars to this count, which she did in these words: "That in said count the plaintiff relies upon the presump-tion of negligence arising from the derailment of the defendant's car, the reason for the derailment charged in said count, so far as said count is concerned, not being known to the plaintiff, and she relies upon the presumption of negligence which the law creates in such cases."

It is true that this count in the declaration went further, and charged that the defendant conducted itself so carelessly and negligently that the plaintiff was injured whilst upon its said car, "the said car being derailed by reason of the carelessness and negligence of the said defendant," etc.; but when this count is read together with the bill of particulars filed by the plaintiff, it is made manifest that the defendant was thereby fully apprised of the case it had to meet.

"If a defendant desires a more particular statement of the grounds of complaint, his remedy is not by demurrer, but by a motion for a bill of particulars." *Interstate R. Co.* v. *Tyree,* 110 Va. 38, 65 S. E. 500.

The language of the eighth count of the declaration in this case, charging carelessness and negligence on the part of the defendant in running its car upon which the plaintiff was injured, was to be regarded as surplusage, as the count, without this language, was sufficient to make out a case of presumptive negligence.

Where the relation of passenger and carrier exists, and there is a derailment resulting in an injury to the passenger, a presumption of negligence on the part of the carrier arises; therefore, all that it is necessary for the declaration to allege in such a case is the relation of passenger and carrier, the derailment, and the injury by reason thereof, as was done in this case.

. The case here is differentiated from the cases relied on for the defendant by the fact that in none of these cases was there, strictly speaking, the relation of passenger and carrier, and, therefore, the presumption of negligence on the part of the carrier did not arise upon the facts alleged.

In discussing the second question presented by the demurrer, the learned counsel for the defendant make the contention that the plaintiff, by alleging acts of affirmative negligence in the first seven counts of her declaration, thereby waived her right to rely upon the presumption of negligence arising from the derailment of the car; in other words, that counts charging affirmative negligence cannot be joined with counts in which the presumption of negligence is relied upon.

The same contention was made and ably argued in *Walters* v.

*Seattle Railroad Co.*, 48 Wash. 233, 93 Pac. 419, 24 L. R. A. (N. S.) 793, but was overruled, the opinion of the court saying: "This contention is not tenable. The plaintiff was not deprived of the case proved by a failure to prove all that was alleged. She was only obliged to prove the substance of the issue, and by the substance of the issue is meant the facts essential to a recovery. * * * Doubtless, in many cases, it is desirable to plead and prove the exact cause of an accident, in order that the question of the defendant's negligence may be put beyond the peradventure of doubt, and thus insure a recovery, where otherwise a recovery might be doubtful if the presumption alone were relied upon. Such was, perhaps, the purpose of the plaintiff in this instance. But the plaintiff is not to be deprived of the case her pleadings and proof made merely because she alleged a stronger case than she was able to prove."

The point made in that case, and in this, is that where a plaintiff does not content himself with alleging generally that he was a passenger on the car, that a derailment or a collision occurred, and that he was injured thereby, but went further, and alleged particularly the cause of the accident, the cause alleged must be proved, otherwise the plaintiff cannot recover. In other words, that to such a case the doctrine of *res ipsa loquitur* cannot be applied.

In *Kluska* v. *Yoemans*, 54 Wash. 465, 103 Pac. 821, 132 Am. St. Rep. 1121, the court said: "We follow the rule announced in Massachusetts and other jurisdictions, which holds, in effect, that a plaintiff who proves the happening of an accident, and is otherwise entitled to certain presumptions arising therefrom, does not lose the benefit of such presumptions because he has alleged what he conceived to be the specific cause of the accident." See, also, *McNamara* v. *Boston, &c. R. Co.*, 202 Mass. 497, 89 N. E. 131, and cases there cited; *McNeil* v. *Durham, &c. R. Co.*, 130 N. C. 256, 41 S. E. 383.

It is well settled that the doctrine of *res ipsa loquitur* applies where the facts alleged in the eighth count of the declaration in this case are proven, and the burden is thereby cast upon the defendant of "explaining the circumstances of the accident so as to relieve itself from liability." *City & Sub. R. Co.* v. *Svedborg,*

20 App. D. C. 543; *Gleason* v. *Va. Midland R. Co.*, 140 U. S. 435,. 35 L. Ed. 458, 11 Sup. Ct. 859.

While the burden is always upon the plaintiff to establish his right to recover by the preponderance of the evidence, in cases where the causes of the accident are peculiarly within the knowledge of the defendant, proof of the happening of the accident establishes a *prima facie* case, which calls for rebuttal and explanation on the part of the defendant. The plaintiff, by proving the accident, has adduced reasonable evidence, on which the jurors. may, if they think fit, find a verdict for him. *Scott* v. *London Docks Co.*, 3 H. & C. 596; Salmond on Torts, p. 29; *Peters* v. *Lynchburg Trac. Co.*, 108 Va. 333, 61 S. E. 745, 22 L. R. A. (N. S.) 1188.

In the case in judgment, the plaintiff, upon the close of the evidence adduced, moved the court to strike out the counts of her declaration from 1 to 7, inclusive, which was done; therefore, the defendant could not possibly have been injured by the ruling of the court upon the demurrer to the declaration.

The defendant, pursuant to the statute (sec. 3370 of the Code, as amended by Acts of Assembly 1910, p. 376), propounded and filed certain interrogatories to the plaintiff, to all of which she made answer, and the refusal of the court to strike out the answers of the plaintiff, on the ground that they are evasive and self-serving, is made the basis of the defendant's second assignment of error.

We are unable to see any merit in this assignment of error, as the answers of the plaintiff to the interrogatories propounded to her appear to us as being directly responsive to the interrogatories, and are not amenable to the criticism of them made by the defendant. Nor did the court err in overruling the defendant's motion for a continuance of the cause, made because of its ruling. refusing to strike out the answers of the plaintiff to said interrogatories which had been propounded to her.

The third assignment of error relates to the refusal of the court to require the plaintiff to file new and further particulars as to the eighth count of her declaration. Practically all that has been said with respect to the first assignment of error applies as well to the third.

It is again insisted in the argument of the third assignment

of error, as in the argument of the first, that, as the plaintiff alleged in her declaration negligence and carelessness on the part of the defendant, which resulted in the injuries she sustained, she had assumed the burden of proof as to each and every count of her declaration, and was compelled, before she could recover, to establish, by a preponderance of the evidence, that her injury was the result of some act or acts of negligence on the part of the defendant; and that the plaintiff could not relieve herself of the burden of proving affirmative negligence on the part of the defendant under the eighth count of her declaration, and make a new case by her bill of particulars, so as to shift the burden of proof upon the defendant to show that it was not guilty of any negligence in the performance of its duties towards the plaintiff.

We do not so read the bill of particulars filed by the plaintiff, which but states, in plain terms, that she relies upon the presumption of negligence which the law creates where the cause of the accident is unknown to the plaintiff; and the eighth count of her declaration, to which the bill of particulars applied, had alleged facts and circumstances out of which the presumption of negligence on the part of the defendant arises as matter of law.

It is needless to repeat in this connection what we have already said going to show that because a plaintiff in a case like this alleges and attempts to prove more than he is required to do, the presumption of negligence is removed, or the rule of evidence with respect to the burden of proof is changed.

In *Deardon* v. *Railroad Co.* 33 Utah 147, 93 Pac. 273–274, the opinion of the court says: "When it is shown that a person has sustained an injury, under circumstances where the maxim (*res ipsa loquitur*) applies, he is not required, in the first instance, to prove any particular defect by evidence, other than by the *prima facie* presumption, although the facts with respect to some defect are unnecessarily alleged with particularity in the complaint. All that the plaintiff was required to aver and prove to entitle him to recover was the relation of passenger and carrier, that the accident through which he received his injuries was connected with the means, or instrumentality, used by the defendant in the transportation, and an injury resulting therefrom. * * * That the plaintiff averred and undertook to show a defective

brake chain as evidence of negligence causing the collision did not waive or affect the presumption of negligence arising from the circumstances, etc., etc.   The evidence of a defective brake chain, which the plaintiff produced, was also proof of such negligence, and was in aid of and not adverse to the presumption." *McNeill* v. *Durham, &c. R. Co., supra; Cassady* v. *Old Colony Ry. Co.,* 184 Mass. 156, 68 N. E. 10, 63 L. R. A. 288.

In the last-named case the court says: "The defendant contends that, even if originally the doctrine would have been applicable, the plaintiff had lost or waived her rights under that doctrine, because, instead of resting her case solely upon it, she undertook to go further, and show particularly the cause of the accident.   This position is not tenable.   *   *   *   If, at the close of the evidence, the cause does not clearly appear, or if there is a dispute as to what it is, then it is open to the plaintiff to argue upon the whole evidence, and the jury are justified in relying upon presumptions, unless they are satisfied that the cause has been shown to be inconsistent with it.   An unsuccessful attempt to prove, by direct evidence, the precise cause does not estop the plaintiff from relying upon the presumptions applicable to it."

The fourth and fifth assignments of error relate to the ruling of the court refusing to reject or to strike out, after the same had been admitted, the testimony of N. L. Martin and Clarence Harrison, witnesses introduced on behalf of the plaintiff to sustain the issue on her part in her case in chief.

There is much force in the contention of the defendant that if the declaration in the case had contained only its eighth count in the first instance, the testimony of Martin and Harrison would not have been admissible in the plaintiff's case in chief; but it cannot be successfully maintained that after the defendant had introduced evidence to show that its machinery was in good order, its track in proper condition, and its cars properly inspected, the testimony given by Martin and Harrison would not have been proper in rebuttal.   So that, after the case was closed, and, upon the plaintiff's motion, the counts of her declaration from 1 to 7, inclusive, had been stricken out, the said witnesses might have been recalled to testify for the plaintiff in rebuttal of the testimony that had been introduced by the defendant with respect to the

condition of its machinery, track, cars, etc., and, therefore, the sole question for determination in this connection is, has the defendant been prejudiced by the order in which the testimony given by Martin and Harrison was allowed to go to the jury for their consideration?

"The examination of witnesses lies chiefly in the discretion of the trial court, and its exercise is rarely, if ever, to be controlled by an appellate court. Much latitude of discretion should be allowed the trial court in the matter of recalling witnesses, and its action will not be reversed by an appellate court except for palpable error." *Burke* v. *Shaver*, 92 Va. 345, 23 S. E. 749; *Tate* v. *The Bank, &c.*, 96 Va. 765, 32 S. E. 476.

We are unable to find anything stated in the testimony of either Martin or Harrison that would not have been proper in rebuttal of evidence introduced by the defendant. Therefore it was proper evidence to be considered by the jury along with all the other evidence in the case, and the court did not err in refusing to strike it out.

Assignments of error sixth and seventh raise practically the same question, and will, therefore, be considered together.

Dr. Smallwood, the attending physician of the plaintiff, testifying for her, after explaining the difference between an impacted fracture and a straight fracture, and stating that the plaintiff had sustained an impacted fracture of the hip—*i. e.*, the bone was separated, and, by violence, driven one piece into the other— said that, in order to sustain an impacted fracture of the hip, the blow would have to be directed against the hip bone; and, in reply to the question if that fracture could have happened by the plaintiff falling over on her face, the witness answered that she would have to fall on the hip to have a fracture, and the blow would have to come directly on the outside of the femur of the hip bone. The plaintiff and other witnesses introduced in her behalf testified as to the occurrence which resulted in the injuries to her, that she was thrown from her seat forward violently to the floor, etc.; and at the close of all the evidence offered on behalf of the plaintiff to sustain the issue on her part, the defendant moved the court to exclude from the record, and to instruct the jury that they must not regard in their consideration of the case,

the evidence relating to an impacted fracture of the hip bone, "for the reason that, according to plaintiff's own testimony, the blow must have come from the side, and directly on the hip bone, to have produced the character of fracture claimed, and there is no evidence in the record that she had such a blow, and the evidence of all the witnesses for the plaintiff is to the effect that she fell upon her face in the aisle of the car."

That there was some variance in the statements of the witnesses as to what took place, and how the plaintiff fell upon the floor when she had been thrown violently from her seat, is not at all remarkable or unnatural, and it would have been an unreasonable requirement of the plaintiff that she prove, in the most minute detail, just how she fell and what she struck. The evidence showed the construction of the interior of the car, the aisle, with seats on either side thereof; that the plaintiff was sitting in the second seat from the front of the car, and was thrown a distance of at least ten feet against the front door of the car, her feet going up and her head going down; and it was for the jury to say, upon this and all the other evidence in the case, whether or not the plaintiff could have sustained the injury of an impacted fracture of her hip bone. Had the jury been left alone to inferences to be drawn from the evidence, they might reasonably and properly have inferred that the plaintiff was thrown from her seat, across the aisle, against the seat, striking her right hip, then to the floor, and in that way had her hip broken.

The rulings of the trial court complained of in the assignments of error six and seven were clearly right, and, therefore, these assignments of error are also without merit.

The eighth assignment of error seems to be based upon an erroneous theory of the law that, upon the defendant showing inspection, good condition of track and machinery, the burden of proof shifted to the plaintiff, and she was required to show wherein the defendant had been, in these respects, negligent.

"Where an injury happens, as the result of an accident such as the record discloses, the presumption is that it occurred by the negligence of the railroad company, and the burden of proof is on the company to establish that there has been no negligence whatsoever, and that the damage has been caused by inevitable

89

casualty, or by some cause which human care and foresight could not prevent." *Dawson* v. *Southern Ry. Co.*, 98 Va. 578, 36 S. E. 996.

"When the physical facts of an accident themselves create reasonable probability that it resulted from negligence, the physical facts themselves are evidential, and furnish what the law terms evidence of negligence, in conformity with the maxim *res ipsa loquitur.*" *Richmond Ry. Co.* v. *Hudgins*, 100 Va. 413, 41 S. E. 738.

The authorities both in England and America sustain the proposition that a presumption of negligence arises upon proof of a derailment, and that the burden of proof is upon the defendant to show that it is without fault. Among the very many authorities in this country are *B. & O. Ry. Co.* v. *Noell*, 32 Gratt. (73 Va.) 399; *Gilmore* v. *Brooklyn, &c. Ry. Co.*, 6 App. Div. 117, 39 N. Y. Supp. 417; *St. Louis, &c. R. Co.* v. *Cooksey*, 70 Ark. 481, 69 S. W. 259; *Southern P. Co.* v. *Covin*, (C. C. A.) 144 Fed. 348; *Seybolt* v. *N. Y., &c. R. Co.*, 95 N. Y. 562, 47 Am. Rep. 75; *Whalen* v. *Consol. Trac. Co.*, 61 N. J. L. 606, 40 Atl. 645, 41 L. R. A. 836, 68 Am. St. Rep. 723; *Louisville, &c. Ry. Co.* v. *Jones*, 108 Ind. 558, 9 N. E. 476. See, also, Fetter on Carriers of Passengers, 480 *et seq.*; Patterson's Ry. Acc. L. 274, note 7; 13 L. R. A. (N. S.), n., p. 606; 14 Am. & Eng. R. R. Cases (N. S.), 289, n.

In *Louisville, &c. Ry. Co.* v. *Jones, supra*, the court says: "When the plaintiff made it appear that she was a passenger upon appellant's train, and, while being carried as such, the car in which she was seated left the track, and she suffered injuries thereby, she has shown a state of things upon which a presumption of negligence arose against the railroad company, which stood with the force and efficiency of actual proof of the fact, and was available for her benefit until negatived and overthrown, and that such presumption can only be overthrown by proof that the casualty resulted from inevitable or unavoidable accident, against which no human skill, prudence, or foresight, as usually and practically applied to careful railroad management, could provide."

As we have observed, the plaintiff in this case had shown that she was a passenger on a car of the defendant; that the car on which she was seated was derailed, and she was thereby injured;

upon which proof the jury might have rendered a verdict for her; and whether or not the defendant had shown, by a preponderance of the evidence, that it was free from the charge of negligence, was a question for the jury; and, therefore, the trial court did not err in refusing the request of the defendant for a peremptory instruction directing the jury to find a verdict in its favor.

The ninth assignment of error relates to the refusal of the court to sustain the objections of the defendant to certain instructions asked by the plaintiff, and, without citation of authorities, the assignment merely challenges the production of any authority to the effect that a defendant, in a case where the doctrine of *res ipsa loquitur* applies, must not only show that it is free from negligence, but must also give an explanation of the cause of the accident, and show, by a preponderance of the evidence, that it was guilty of no negligence whatever.

We think that we have already cited ample authority for the rule that where the plaintiff has shown that she was a passenger of the carrier; that, while a passenger, the car of the carrier upon which she was riding was derailed, and that she thereby sustained injury, she was entitled to recover damages for the injury, unless the defendant showed by affirmative evidence that the accident had been caused by inevitable casualty, or by some cause which human care and foresight could not prevent; and how else, it may be asked, can a defendant in a case like this show that it was guilty of no fault whatever, except by affirmative proof of facts sufficient to account for the derailment and to explain the reason therefor? In the absence of a satisfactory explanation by the defendant of the cause of the accident, going to show that the defendant was free from fault, the plaintiff is entitled to a verdict. *Dawson* v. *Southern Ry. Co., supra; Richmond, &c. Ry. Co.* v. *Hudgins, supra; McNamara* v. *Boston, &c. Ry. Co., supra; Magee* v. *N. Y., &c. Ry. Co.,* 195 Mass. 111, 80 N. E. 869; *Snyder* v. *Wheeling, &c. Co.,* 43 W. Va. 661, 28 S. E. 733, 39 L. R. A. 502, 64 Am. St. Rep. 922; *Och* v. *Missouri, &c. Ry. Co.* 130 Mo. 27, 31 S. W. 962, 36 L. R. A. 442; *Robinson* v. *St. L., &c. Ry. Co.,* 103 Mo. App. 110, 77 S. W. 493; *Breen* v. *Pacific L. Co.,* 130 Cal. 435, 62 Pac. 747.

The court in this case, in the instructions to the jury, propounded

the law applicable to the facts which the evidence tended to prove in accordance with the views expressed in this opinion, and, therefore, the defendant was without just cause of complaint with respect to the instructions given; and the case, having been fully and fairly submitted to the jury, upon every phase of it presented in the evidence, the court did not err in refusing other instructions asked by the defendant.

The remaining assignment of error requiring consideration raises the question whether or not the verdict of the jury is contrary to the evidence, and whether or not the damages assessed by the jury are excessive.

The evidence to which we have adverted is, of itself, sufficient to sustain the finding of the jury in favor of the plaintiff, and, in addition to the fact that there is nothing whatever in the record indicating that the jury, in ascertaining the damages, acted under the impulse of an improper motive, gross error, or misconception of the subject, the evidence very plainly shows that the plaintiff, about thirty years of age, in the possession of all her faculties, enabling her to earn for her services as a clerk in one of the departments of the United States Government at Washington, D. C., $900.00 *per annum* at the time she sustained the injuries of which she complains in this suit, suffered an impacted fracture of the hip, causing her continuous and intense pain; that this injury is permanent; that, at the time of the trial of this cause, her broken limb was one-half inch shorter than the other; that she would always limp, and, as time went on, the shortening of the limb would increase. In view of these facts, this court would not be justified in disturbing the verdict of the jury on the ground that the damages assessed to the plaintiff are excessive.

Upon the whole case, we are of opinion that there is no error in the judgment of the circuit court, and, therefore, it is affirmed.

*Affirmed.*