# Richmond

## Norfolk-Southern Railway Co. v. Tomlinson

March 12, 1914.

Absent, Cardwell, J.

1. Damages—*Future Damages.*—While it is not error, in instructing the jury in a personal injury case on the measure of damages, to tell them that they may take into consideration such damages as will naturally, reasonably and probably result to the plaintiff in the future as consequences of his injuries, it would be better to state that the future damages, like all other damages allowed, must be ascertained from the evidence before them.

2. Carriers—*Duty to Passengers.*—It is the duty of the carrier of passengers to use the highest degree of care for their safety known to human prudence and foresight, and it is liable for the slightest negligence against which human care and foresight may guard. This degree of care is required and applies not only to the manner in which its train is being run by its engineer, but also to the running gear and equipment of the engine, tender and cars, and to the way in which its road bed is constructed, and its ties and rails are laid and maintained, and if the carrier fails to exercise such care in any of these particulars, and such failure causes a derailment which results in injury to a passenger the carrier is liable therefor.

3. Carriers—*Duty to Passengers—Instructions.*—After the jury has been instructed as to the duty owing by a carrier to a passenger as set forth in the last preceding paragraph it is error to refuse, when requested, to further instruct them "that a railroad company is not an insurer of its passengers, but merely has to use the highest degree of practical care for their safety, and if the jury believe from the evidence that the defendant used such care in this case, they must find for the defendant." If the defendant fully performed the duty devolved upon it, it was entitled to a verdict.

4. Carriers—*Passengers—Derailment—Negligence—Instructions* — In

an action by a passenger against a carrier to recover for an injury inflicted by a derailment no specific act of negligence on the part of the carrier need be proved. The jury may find for the plaintiff upon proof of the mere fact of derailment and injury, and an instruction which ignores this, or is ambiguous or misleading on this point, should not be given.

5. Carriers—*Passengers—Derailment—Negligence—Evidence—Burden of Proof.*—In an action by a passenger against a carrier to recover for a personal injury inflicted by a derailment of the carrier's cars, the burden is on the passenger to establish the negligence of the carrier. This burden does not shift, but continues throughout the case. The passenger makes out a *prima facie* case, by the aid of a legal presumption, upon proof simply of the derailment and consequent injury to him while a passenger, but when evidence is offered to rebut the presumption and tending to show that it has discharged the duty imposed upon it, it becomes a question for the jury to determine, upon the whole evidence, whether or not the carrier has exercised that high degree of care required of it.

6. Carriers—*Passengers—Derailment—Accounting for Accident.*—In order to rebut the presumption of negligence on the part of a carrier arising from a derailment resulting in injury to a passenger, the carrier is not bound to satisfactorily account for the cause of the accident. Some accidents are inexplicable, and to hold the carrier bound, under all the circumstances, to explain the cause, would, in such cases, impose an impossibility upon the carrier, and render it practically an insurer of the safety of the passenger injured. *Washington R. Co. v. Bouknight,* 113 Va. 696, disapproved.

7. Carriers—*Passengers—Damages—Argument of Counsel.*—In an action by a passenger against a carrier to recover damages for a personal injury resulting from the carrier's negligence, the measure of recovery is compensatory and not punitive, hence counsel should not be permitted to argue before the jury matters which would prejudice them against the officials of the carrier, and tend to cause a verdict which would punish them and not merely compensate the passenger for the injury he has suffered. While much latitude is properly permitted in argument by counsel, the court should always keep them within the issues and the evidence.

Error to a judgment of the Circuit Court of Norfolk

county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*James G. Martin,* for the plaintiff in error.

*Starke, Venable & Starke* and *N. T. Green,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

The defendant in error, who was the plaintiff in the trial court and who will be designated in this opinion as plaintiff, was injured in a derailment of the car in which he was traveling as a passenger over the defendant railroad company's road. The defendant introduced evidence tending to show that when the derailment occurred its train was running, in the day time, over a straight track, through a level country, a little behind time, but not at an excessive or unusual rate of speed, when three of the four cars in the train jumped the track and turned over. The defendant further introduced evidence that the engine and cars, roadbed and track, on the day and at the place of the derailment, were all in good and proper condition, and that its train was being properly managed and run at that time, and that after careful examination the defendant was unable to ascertain the cause of the derailment.

The plaintiff introduced evidence to show that the roadbed was not ballasted, that there were rotten or decayed ties at or near the point of derailment, and that the roadbed was not properly inspected.

The plaintiff asked for five and the defendant for nine

instructions. All of the plaintiff's instructions were given, and all of the defendant's, as asked, except the first (which was amended and as amended given) and the second (which was refused).

The first and second errors assigned are to the action of the court in giving and refusing instructions, and as they involve more or less the same questions, except instruction "E" given for the plaintiff, they may be considered together.

Instruction "E" related to the measure of damages, and the only objection made to it is that it told the jury that in assessing damages they might take into consideration, "such damages as will naturally, reasonably and probably result to him (the plaintiff) in the future as consequences of his injuries" without confining them to the evidence before them, as was done in the instruction in reference to all other items of damage which they might take into consideration.

It would have been better to have told the jury that future damages, like all other damages allowed, must be ascertained from the evidence before them; but when the instruction as a whole is considered, we do not think that the jury could have thought they had the right to fix the future damages by mere conjecture instead of by the evidence before them.

The seven instructions given for the defendant as asked, related to the question of damages also, and the rights and duties of the jurors, and in no way affect the action of the court in giving and refusing the other instructions.

By instruction "A", given for the plaintiff, the jury were told, that "it was the duty of the defendant company in carrying the plaintiff upon its said train to use the highest degree of care for his safety known to human prudence and foresight, and is liable for the slightest

negligence against which human care and foresight might have guarded. This degree of care is required and applies not only to the manner in which the train was being run by the engineer, but also to the running gear and equipment of the engine, tender and cars and to the way in which its road bed was constructed and its ties and rails laid and maintained, and if you believe from the evidence that the defendant failed to exercise such care in any of these particulars, and that such failure caused the derailment resulting in injuries to the plaintiff, your verdict *must* be for the plaintiff.''

While instruction ''A'' was objected to in the trial court and error assigned to all the instruction given for the plaintiff, no objection to that instruction is pointed out either in the petition or in oral argument, nor do we see that any could be. It is a clear and correct statement of the law as to the duty of the defendant company to the plaintiff, and properly told the jury that if the defendant failed in the performance of its duty in respect to any of the things required of it and such failure caused the derailment, they must find for the plaintiff. *Wightman's Case,* 29 Gratt (170 Va.) 431, 445, 26 Am. Rep. 384, *Noell's Case,* 32 Gratt. (73 Va.) 394, 400; *Tanner's Case,* 100 Va. 375, at page 381, 41 S. E. 721, instructions 3 to 7 offered by the plaintiff and approved by the court at p. 381.

By instruction No. 1, as offered by the defendant, the court was asked to tell the jury ''that a railroad company is not an insurer of its passengers, but merely has to use the highest degree of practical care for their safety, *and if the jury believe from the evidence that the defendant used such care in this case, they must find for the defendant.''*

The court having by instruction ''A'' properly defined the high degree of care required of the defendant

to the plaintiff, and told the jury that if the defendant had failed in any respect in the performance of that duty they must find for the plaintiff, it would seem clear that if the defendant had fully performed that duty then it was entitled to a verdict and the jury should have been so instructed. If the court had added the words to instruction "A", "but if on the contrary you believe from the evidence that the defendant has exercised such care, then you must find for the defendant," it would have properly propounded the law in both aspects of the case. This, as we understand it, is all that instruction No. 1 did as offered.

In *Tanner's Case, supra,* which was a derailment case, where the cause of the derailment, as in this case, was not shown, the following instruction was given for the defendant, as appears from the record, and approved by the court, at page 58: "The court instructs the jury that the defendant was not an insurer of the plaintiff as a passenger against injury by derailment or other accidents to its train upon which she was traveling, and that it only owed to her the duty of the highest degree of care that prudence and foresight could demonstrate the necessity of for the plaintiff's safe transportation, in the selection, construction and repair of the engine and cars in said train, and the track where said accident occurred, and in the management and running of said train; and if the jury believe from the evidence that the defendant, through his employees, did exercise said high degree of care in all the particulars aforesaid, the defendant is not responsible for the accident in which the plaintiff received her injuries, and the jury shall find for the defendant."

Instructions (Nos. 1 and 9 for the defendant), announcing the same principle in substance, were given in the *Bouknight Case,* 113 Va. 696, 75 S. E. 1032. When

instruction No. 1 in the case under consideration is read in connection with instruction "A" it is a correct statement of the law and the court erred in not giving it as offered.

By instruction No. 2, offered by the defendant, the court was asked to tell the jury, "that they cannot, under their oaths, find for the plaintiff, unless they believe from the evidence that the defendant has been shown to have been guilty of negligence which caused the accident." This instruction the court refused to give.

From the language of this instruction the jury might very well have thought that some specific act of negligence on the part of the defendant must be shown before the plaintiff could recover, when in fact, in the absence of any proof except the mere fact of the derailment and injury, the jury, if they saw fit, might have found for the plaintiff. The instruction was ambiguous and misleading, and the court properly refused to give it.

Instruction "B", given at the request of the plaintiff, is as follows: "The court instructs the jury that although you may believe from the evidence that the engine and cars making up the train on which the plaintiff was a passenger, on the day of the derailment were inspected by the proper employees of the defendant and all the equipment thereof was passed upon and believed to be in good order by them, and that the track, ties and road bed at the place of the derailment had been inspected within a reasonable time, and been passed upon by the employees of the defendant as being in fit and proper condition, nevertheless, if you believe from the evidence that the plaintiff was a passenger upon said car and that the car was derailed and jumped the track, and by reason thereof the plaintiff was injured, this raises the presumption of negligence upon the part of

the defendant, and the burden is upon the defendant to show that the derailment of such car was not caused by its negligence, and if from the evidence there is an absence of explanation by the defendant as to the cause of the said car being derailed, if you believe from the evidence the same was derailed, the presumption of negligence which arises upon proof of derailment is sufficient to maintain the plaintiff's action, and if you believe from the evidence that the plaintiff was injured by reason of said derailment, you shall find the verdict for the plaintiff.''

The objection made, as we understand it, to this instruction is that it told the jury that although they might believe from the evidence that the defendant had exercised that high degree of care required of it as set out in instruction ''A'', still the presumption of negligence arising from the derailment required them to find for the plaintiff, unless the defendant had explained the cause of the derailment.

The defendant, as before stated, had introduced evidence to show that after diligent effort it had been unable to ascertain any cause for the cars leaving the track. This being so, the effect of instruction ''B'' was to take away from the jury the question whether or not the *prima facie* presumption of negligence arising from the derailment had been satisfactorily rebutted by the evidence of the defendant of due care on its part.

Evidence had been introduced by the defendant which tended to show that it had exercised that high degree of care required of it as a carrier of passengers, as set out in instruction ''A.'' Whether or not that evidence was sufficient to show due diligence on its part was a question for the jury. This is the rule generally in other jurisdictions as well as in our own.

''While the burden,'' as was said in *Washington, &c.*

*Ry. Co.* v. *Bouknight,* 113 Va. 696, 701, 75 S. E. 1032, 1034, "is always upon the plaintiff to establish his right to recover by the preponderance of evidence in cases where the causes ·of the accident are peculiarly within the knowledge of the defendant, proof of the happening of the accident (such as a derailment) establishes a *prima facie* case which calls for rebuttal and explanation on the part of the defendant. The plaintiff by proving the accident has adduced reasonable evidence on which the jurors may, if they think fit, find a verdict for him."

Again in the same case it is said, 113 Va. pages 706-7, 75 S. E. 1037: "As we have observed, the plaintiff in this case had shown that she was a passenger on a car of the defendant; that the car on which she was seated was derailed, and she was thereby injured, upon which the jury might have rendered a verdict for her; and whether or not the defendant had shown by a preponderance of evidence that it was free from the charge of negligence was a question for the jury, and therefore the trial court did not err in refusing the request of the defendant for a peremptory instruction directing the jury to find a verdict in its favor."

In the *Tanner Case, supra,* instruction No. 3, given for the defendant and approved by this court as a cor rect statement of law was as follows: "The court instructs the jury that in considering the question of negligence in this case, if they believe from the evidence in the case that the plaintiff was a passenger on the defendant's train and received the injuries complained of in the wreck of said train, then at the *beginning of the trial and before any evidence was introduced* upon the subject of negligence there was a presumption of the law in favor of the plaintiff that the accident was caused by the negligence of the defendant, but there has been

evidence introduced on both sides in the trial of this case, and if the jury believe from the whole evidence that it exercised the highest degree of care that prudence and foresight would show to it was necessary in the selection, repair and use of its machinery and cars, and in the construction and repair of the track where the derailment of said train occurred, and in the running and management of said train at the time of the accident the jury shall find for the defendant.''

That instruction left it to the jury to determine whether or not, upon the whole evidence the passenger carrier had exercised that high degree of care required of it, as pointed out in the instruction, so as to rebut the presumption of negligence arising from proof of the derailment itself.

In many cases, as in this, the maxim, *res ipsa loquitur,* applies. The affair speaks for itself. But whether the evidence relied on by the plaintiff to make out a cause of action is the accident itself, from which arises a presumption of negligence, or is direct evidence of negligence, the burden of proof as to the defendant's negligence remains upon the plaintiff throughout the trial. 1 Shear & Red. on Neg., sec. 57.

The plaintiff, as is said in *Kay* v. *Metropolitan St. Ry. Co.,* 163 N. Y. 447, 453, 57 N. E. 751, 752, ''upon the issue of negligence, had to meet the burden of proof at every stage of the case. Where a party alleges the existence of a fact as the basis of a cause of action or defense, the burden is always upon the party who alleges the fact to establish it by proof. The *onus probandi* is upon him throughout. In the case at bar the plaintiff made out her cause of action *prima facie* by the aid of a legal presumption, but when the proof was all in, the burden of proof had not been shifted, but was still upon the plaintiff. The charge of the learned trial judge had refer-

ence to the case when all the proof on both sides had been given. If the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the asserted fact of negligence in doubt and uncertainty, the party who made the allegation should suffer and not her adversary. The jury were bound to put the facts and circumstances proved by the defendant into the scale against the presumption upon which the plaintiff relied, and in determining the weight to be given to the former as against the latter, they were bound to apply the rule that the burden of proof was upon the plaintiff." See also *Sweeny* v. *Irving*, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815; *Carroll* v. *Boston, &c. Ry. Co.*, 200 Mass. 527, 535, 86 N. E. 793; 6 Thomp. on Neg., sec. 7641; 1 Shear & Red. on Neg., (5th ed.) sec. 58; 2 Cooley on Torts (3rd ed.) pp. 1424-5.

Instruction "B" was further objectionable because it told the jury that if the defendant had not shown the cause of the accident, then without regard to what else had been shown the presumption of negligence which arose from proof of the derailment entitled the plaintiff to recover, and they must find for the plaintiff.

In order to rebut the presumption of negligence arising from the derailment, the defendant, we do not think was bound to satisfactorily account for the cause of the accident. Sometimes accidents occur which are inexplicable, and to hold that a carrier of passengers must under all circumstances show what caused the accident in order to rebut the presumption of negligence arising from the accident itself would in such cases impose an impossibility upon the carrier, and render it practically an insurer of the safety of the passenger injured.

In *Carroll* v. *Boston, &c. Ry. Co., supra,* at page 536, it is said: "The defendant, in the explanation which it offered, was not called upon to account satisfactorily for

the accident, although oftentimes when this has been done, the presumption of the carrier's carelessness disappears, but only to show or explain that it had not been guilty of negligence. After it had introduced evidence from which the jury could find that it had used due care in the construction, equipment and maintenance of the railway, the burden of proof had not been shifted, but still remained upon the plaintiff to establish the defendant's negligence upon all the evidence of which the presumption or inference of negligence upon proof of the derailment and injury formed only a part." See also *Eldridge v. Minn., St. Louis, &c. Ry. Co.,* 32 Minn. 253, 255, 20 N. W. 151.

It is true that an instruction substantially like the instruction in question was given in the case of *Washington, &c. Ry. Co.* v. *Bouknight, supra,* and upon a writ of error was approved by this court; but upon further consideration of the question we are of opinion that the instruction is not a correct statement of the law, is in conflict with the general principles announced in that case as to the burden of proof and the submission of the question of negligence to the jury upon the whole evidence in the case, and is contrary to the principles embodied in the instructions given and approved in the *Tanner Case, supra,* and the great weight of authority on the subject.

The next error assigned is to the action of the court in reference to the argument of the counsel for the plaintiff, as set out in bills of exceptions numbered 3 and 4.

The objection to the argument of counsel, as set out in bill of exception No. 4, was properly sustained by the court, and of course will not be made upon the next trial. The objection made to the argument of counsel as set out in bill of exceptions No. 3 was overruled by the court.

If the plaintiff was entitled to recover damages for the

injuries resulting to him from the derailment of the
train, they were compensatory and not punitive. This
being so, it was wholly immaterial whether the negli-
gence of the defendant, if there was negligence, was that
of the higher officials of the defendant company or that
of its employees. In either case, the damages being com-
pensatory and not punitive, should be the same. The
only effect, therefore, of such statements of counsel as,
that "The higher officers of this company who are re-
sponsible for the management of this company and who
alone will feel with others whatever verdict you may
render," could have upon the jury would be to prejudice
them against those officials and thereby cause the jury to
render a verdict against the defendant large enough to
punish its higher officials for their misconduct rather
than merely to compensate the plaintiff for the injuries
he had suffered. Whilst there is of necessity and prop-
erly much latitude permitted in argument by counsel, the
court should always keep them within the issues and
within the evidence. 1 Thomp. on Trials (2nd ed.), sec.
965.

The remaining assignment of error is to refusal of the
court to set aside the verdict and grant a new trial, be-
cause contrary to the law and the evidence and because
the damages are excessive. As a new trial will have to
be ordered upon other grounds, it is unnecessary to con-
sider that assignment of error.

For errors in giving and refusing instruction, as here-
inbefore stated, the judgment will be reversed, the ver-
dict set aside, and a new trial granted to be had not in
conflict with the views expressed in this opinion.

*Reversed.*