## CIRCUIT COURT OF ARLINGTON COUNTY

Kimball

v.

Finley

December 28, 1978

Case No. (Law) 20357

By JUDGE CHARLES H. DUFF

This matter is before the Court for determination of the Defendant's Demurrer in which it is alleged that the Doctrine of Res Ipsa Loquitur cannot apply under the facts pleaded. In the alternative, Defendant moves to strike Paragraph 11 of the Motion for Judgment where the aforesaid doctrine is alleged. I have carefully considered the argument presented and the authorities cited, and am of the belief that the Demurrer and Motion must be denied.

With respect to the Demurrer, Plaintiff has alleged that the Defendants exercised control and management of the porch and stairway (Paragraph 6). It was affirmatively alleged that the steps were in a defective and dangerous condition which the Defendants knew or should have known (Paragraph 7). It was further alleged that the top step collapsed as a result of the defective and dangerous condition (Paragraph 9). These are specific allegations of negligence which, if supported by proof, would constitute a prima facie case. As such, the Demurrer must be overruled.

A more difficult problem is presented by the Motion to Strike Paragraph 11. It is true that there are several views of the effect on the Doctrine of Res Ipsa Loquitur when the Plaintiff pleads specific negligence. Some courts hold that the mere pleading of specific negligence prohibits

a Plaintiff's right to rely on the doctrine. Others maintain that the doctrine is available without regard to the form of the pleading. Still another view is that pleading specific negligence does not prohibit the use of the doctrine if the inference of negligence to be drawn supports the specific allegations. *See generally* 13B M.J. 328 and 40 Va. L. Rev. 951.

The latter Law Review article traces the various cases in Virginia and concludes that *W-V Rly. v. Bouknight*, 113 Va. 696 (1912), aligns Virginia with the view that the Plaintiff does not lose his right to rely on the doctrine by the allegation of specific acts of negligence.

It seems to me that the real thrust of Defendant's Motion will be met at the conclusion of the evidence. The law is clear that the doctrine does not apply where there is evidence explaining the cause of the damage or where the damage may have been attributable to one or more of two causes for only one of which the Defendant is responsible. *See N. & W. Ry. v. Anderson*, 207 Va. 567 (1966). For purposes of pleading, however, I am of the opinion that the Plaintiff may allege both specific acts of negligence and rely on the doctrine. The test of its applicability will be the evidence introduced at trial.

If Mr. McKittrick will prepare an appropriate Order overruling the Demurrer and denying the Defendant's Motion to Strike Paragraph 11, and preserving Defendant's exceptions to this ruling, it will be promptly entered.